THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* MICHAEL J. GROGAN, Appellant.

(Argued October 10, 1932; decided November 22, 1932.)

*William H. Daly* for appellant. It was error for the County Court to hold that the conviction rests upon disputed questions of fact, for the disputed questions of fact tend in no way to sustain a finding of guilt. (*People* v. *Angelo,* 246 N. Y. 451; *People* v. *Rosenheimer,* 209 N. Y. 115; *People* v. *Waxman,* 232 App. Div. 90; *Woloszynowski* v. *New York Co.,* 254 N. Y. 206; *District* v. *Colts,* 282 U. S. 63; *People* v. *Nixon,* 248 N. Y. 182.) The information does not charge a criminal offense. (*People* v. *Zambounis,* 251 N. Y. 94; *People* v. *Butler,* 133 Misc. Rep. 658; *People* v. *Hungerford,* 222 App. Div. 710.)

*Elvin N. Edwards, District Attorney (Richard H. Brown* of counsel), for respondent. The record presents no basis for a review of the facts. (*People* v. *De Simone,* 225 N. Y. 261; *Ward* v. *Clark,* 232 N. Y. 195.)

CRANE, J. The defendant has been convicted of violating section 58 of the Vehicle and Traffic Law (Cons. Laws, ch. 71), which reads as follows: " Reckless driving shall include driving or using any motor vehicle or motor cycle or any appliance or accessory thereof in a manner which unnecessarily interferes with the free and proper use of the public highway, or unnecessarily endangers users of the public highway. Reckless driving is prohibited. Every person violating this provision shall be guilty of a misdemeanor and shall be punished by a fine not exceeding fifty dollars for the first offense; and by a fine not exceeding fifty dollars or imprisonment not exceeding six months, or by both such fine and imprisonment, in the discretion of the court, for a second or subsequent offense." This section was formerly section 287-b of the Highway Law (Cons. Laws, ch. 25), being Laws of 1924, chapter 360, section 24. Prior to 1924 the subject was covered by section 287 of the Highway Law, which read as follows: " Every person operating a motor vehicle on the public highway of this state shall drive the same in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person; provided, that a rate of speed in excess of thirty miles an hour for a distance of one-fourth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent."

In *People* v. *Winston* (155 App. Div. 907) an information was held to be defective which charged the defendant with driving an automobile at a greater rate of speed than thirty miles an hour, but failed to state that it was for a distance of one-fourth of a mile. This present section, 58 of the Vehicle and Traffic Law, being former

section 287-b of the Highway Law, attempts to provide for three separate and distinct acts which constitute reckless driving: (1) " Driving * * * in a manner which unnecessarily interferes with the free and proper use of the public highway; " (2) " driving * * * in a manner which * * * unnecessarily endangers users of the public highway; " (3) " reckless driving is prohibited." The commission of any one of these three acts is made a misdemeanor. They are separate and distinct offenses and the conviction or acquittal of one does not prevent a prosecution for violating the others. (*State* v. *Andrews*, 108 Conn. 209, p. 215.)

Before passing to the attack which has been made upon this statute, we must keep in mind the distinction between a crime, to wit, a misdemeanor, and those minor offenses dealt with summarily by justices of the peace or magistrates, known as disorderly conduct, breach of the peace, etc. The distinction is clearly stated by the Appellate Division of the Fourth Department in *Matter of Cooley* v. *Wilder* (234 App. Div. 256, 259). The court there said: " In passing we may mention a third class of offenses which are neither felonies prosecuted by indictment and triable by a common law jury (Art. 1, § 2), nor misdemeanors triable by Courts of Special Sessions with or without the statutory jury of six (Art. 6, § 18), but petty offenses triable summarily by a magistrate without a jury. Within this category are cases of persons charged with intoxication, vagrancy, with being disorderly persons, etc.; also many cases of violation of municipal ordinances. (Village Law, § 180; Second Class Cities Law, § 183.) These minor offenses, below the grade of misdemeanors, have always constituted in our law a class by themselves. (*Tenement House Department* v. *McDevitt*, 215 N. Y. at p. 168.) "

In this appeal we are dealing with a misdemeanor tried before a Court of Special Sessions (*People* v. *Monahan*, 257 N. Y. 388), a crime, not one of those minor offenses

dealt with summarily by magistrates. This crime is prosecuted in a Court of Special Sessions upon information instead of indictment. The information must set out the acts constituting the crime with the same clarity as an indictment; it must state the offense and the act constituting the offense. The information cannot be supplemented or pieced out by affidavits in the Magistrates' Court. (*People* v. *Zambounis*, 251 N. Y. 94.) With the exactness required of both indictment and information, the charge against the defendant in this case was under the third subdivision of section 58, as above enumerated. He was charged with reckless driving in the following words: " That on the 30th day of September, * * * one Michael J. Grogan did wilfully, feloniously and unlawfully operate a motor vehicle, to wit, an automobile, * * * at a rapid and dangerous rate of speed, * * * struck Willy-Knight coupe * * * on the right side * * * which then and there did endanger the life and limbs of the operator of the Willy-Knight coupe, and all such persons as should or might then and there pass along or over the said public highway, in violation of Article 5, section 58, of the New York State Vehicle and Traffic Law." The learned justice did not find the defendant guilty of the crime charged, that is, of reckless driving at a " rapid and dangerous rate of speed," but found that he did unnecessarily endanger the safety of users of the public highway and did unnecessarily interfere with users of the public highway. " Rapid " is defined by Webster's Dictionary as " very swift, advancing with haste or speed, fast." This is what the defendant was charged with, but the charge was not proved. The information not only was obliged to state the crime charged against him, but, like the indictment, was obliged to state the fact or the act constituting the crime. The information stated that the defendant was charged with violating section 58 of the Vehicle and Traffic Law in that he did operate an automobile at a rapid and

dangerous rate of speed which did endanger the life of others. The danger arose because of the rapid and dangerous rate of speed. If this means anything it means going fast, exceeding the speed law. There is not a bit of evidence in the case that the defendant was going fast or at a rapid rate of speed, and the judge does not find him guilty of any such act.

Two automobiles met at intersecting crossings, the complainant was driving one,— the Willys-Knight,— and the defendant the other. The complainant testifies that as she approached the crossing she could not see the intersecting street, because of a hedge and a house, until she got at the intersection. She was then going at five or ten miles an hour, and increased her speed to twenty, when the defendant's car was only fifty feet from her, coming on her right, through the intersecting street. For the prosecution there is not one word of evidence as to the speed of the defendant's car. The whole case is based upon the fact that a collision occurred, the defendant's car striking the hind fender of the complainant's. The defendant testified that he was going about fifteen miles an hour; and that as he was entering the cross street, the plaintiff's car shot rapidly in front of him. On these facts the defendant has been charged, as above stated, with driving at a rapid and dangerous rate of speed, endangering the lives of the public. The case is entirely barren of any evidence of excessive speed, or driving at a rapid and dangerous rate of speed, and the information should have been dismissed. We cannot try a defendant on a charge of committing an act constituting a crime and then prove him guilty of another act of which he has not been charged. This is a fundamental principle of criminal law.

Besides this, section 58, by its third subdivision, prohibiting " reckless driving," calls for evidence showing something more than mere negligence. In *People* v. *Devoe* (246 N. Y. 636) this court said that though merely

driving in excess of the speed stated in the Highway Law, section 287, subdivision 2, may not in and of itself constitute the crime of reckless driving under Highway Law, section 287-b, yet the evidence in that case, considering all the circumstances, presented a question of fact for the court. Mere speed in itself in excess of that allowed by the Highway Law is not alone sufficient. In *Wood* v. *Pace* (220 App. Div. 386) it was held that one who drove an automobile at between twenty and twenty-eight miles an hour and struck a person crossing the street, was not guilty of negligence merely because of the speed. As stated in *State* v. *Andrews* (108 Conn. 209, at p. 213), " The offense of driving ' recklessly ' in view of the conditions, as set forth in our own statute, sufficiently meets the requirements of definiteness and certainty. (*State* v. *Goetz*, 83 Conn. 437.) The word has a clear and commonly understood meaning, so that one of ordinary intelligence is not left in doubt as to its purport. Though the speed limit imposed in this State has been removed, the term ' recklessly ' still remains definite. Its test does not lie in speed alone, but in that and other circumstances which together show a reckless disregard of consequences." To the same effect see *People* v. *Angelo* (246 N. Y. 451) where this court said regarding the words " culpable negligence," that the word " culpable " was equivalent to criminal, reckless, gross, such negligence as is worthy of punishment. It means disregard of the consequences which may ensue from the act and indifference to the rights of others.

Reckless driving, therefore, standing by itself means the running or operation of an automobile under such circumstances as to show a reckless disregard of the consequences. Nothing in this evidence tends to show any such reckless driving as makes the defendant guilty of violating this portion of section 58 of the Vehicle and Traffic Law which prohibits reckless driving.

As heretofore stated, the justice did not convict the

defendant of the crime charged, that is, driving at a rapid and dangerous rate of speed. He found him guilty under the other two subdivisions of section 58, viz., unnecessarily interfering with free and proper use of the highway and unnecessarily endangering users of the public highway. We have already touched upon the point that the defendant was not charged with these acts, but we pass on to a consideration of the statute, assuming, for the present, that such were the offenses for which he was tried.

The statute has been challenged in these two particulars for indefiniteness and, therefore, as being unconstitutional. As we have above stated, the offense of reckless driving is sufficiently definite, because of the meaning heretofore given to "reckless," to make this portion of the section constitutional. When we consider, however, the other two branches of the statute, "unnecessarily interfering and unnecessarily endangering," we have before us other and further considerations. Statutes which create crimes must be definite in specifying conduct which is condemned or prohibited. They must afford some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements. "Laws which create crime ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid." ( *United States* v. *Brewer*, 139 U. S. 278, 288; *Nash* v. *United States*, 229 U. S. 373; *International Harvester Co.* v. *Kentucky*, 234 U. S. 216; *McBoyle* v. *United States*, 283 U. S. 25–27; *Cline* v. *Frink Dairy Co.*, 274 U. S. 445, 459.) In the latter case Chief Justice Taft said " generally that the decisions of the court upholding statutes as sufficiently certain, rested upon the conclusion that they employed words or phrases having a technical or other special meaning, well enough known to enable those within their reach to

correctly apply them, ˙ * * * or a well-settled common-law meaning, notwithstanding an element of degree in the definition as to which estimates might differ, * * * or, as broadly stated by Mr. Chief Justice WHITE in *United States* v. *Cohen Grocery Co.* (255 U. S. 81, 92), ' that, for reasons found to result either from the text of the statutes involved or the subjects with which they dealt, *a standard of some sort was afforded.*' "

This court recently had before it and very thoroughly discussed the question regarding the constitutionality of a criminal statute claimed to be invalid for uncertainty and indefiniteness (*People* v. *Mancuso*, 255 N. Y. 463). The line drawn as well as it could be in dealing with this difficult subject placed upon the one hand those statutes which defined an offense according to words and terminology which had a common-law meaning or which from long use furnished a standard according to precedents, while on the other side of the line were placed those statutes which were so vague that the standards were wanting. The difference in this court in that case arose not from this rule or this method for determining the constitutionality of statutes, but in determining whether the Penal Law there in question placed the case upon the one side of the line or the other. The authorities were very thoroughly reviewed, for the majority by Chief Judge CARDOZO, and for the minority by Judge KELLOGG. Negligence, as defined at common law, and according to which the conduct of man has ever been measured, was placed upon that side of the line which made statutes constitutional declaring negligence a crime. But negligence as defined at common law is a term of the profession having a well-defined meaning and affording a reasonably safe standard for human conduct. It has always been defined as the failure to exercise that care which a reasonably prudent person would have exercised under the given circumstances. Innumerable have been the decisions of the courts passing upon the question of negligence. The

path has been pretty well cut out and emblazoned along which a man must proceed to avoid the charge of negligence. A statute, therefore, which made "negligent" driving of an automobile, causing injury or danger to another, a "misdemeanor," would, we may assume, be constitutional. But a statute falling short of this definiteness would cross the line as we have tried to draw it, and place the offense among those vague attempts to set up crimes which have resulted in unconstitutional legislation. How can we deal with this question of "unnecessarily interfering" with traffic in a public highway? What is unnecessary interference? What standard have we to measure it by, known to the common law, or to any other realm of jurisprudence? We must not leave it for the judge or jury to guess at; we are obliged to tell them something as a guide and not leave a man's conduct to be judged solely by the whim of the hour. In driving a car along a street or highway one may stop to ask for directions, or to speak to a passer-by or to look at his tail light or examine his wheels or to assuage his thirst. All these acts may interfere with traffic and be entirely unnecessary. Can they amount to a crime because a magistrate may determine that in his judgment they unnecessarily interfered with traffic? We have many rules and regulations regarding the use of the highway, the violation of which constitutes an offense. These are specific requirements. We are here dealing solely with this crime which has been defined as "unnecessary interference."

Then, too, what is "unnecessarily endangering" the user of the public highway? This is the second crime stated in section 58. Does this mean one who drives or who uses the highway in such a reckless manner as to endanger the lives of the public generally or does it mean the use so as to endanger it for some particular person? *Surely we must concede that any person driving an automobile carefully and with all the caution of a reasonably*

*prudent person does not unnecessarily endanger other users of the public highway.* Every one has a lawful right to use the highway and to use it cautiously and carefully and no law can prevent or prohibit such user. The driving becomes dangerous, or unnecessarily dangerous, in the eyes of the law, only when there is a failure to exercise care or caution under the circumstances. Driving a horse or driving an automobile may be dangerous to pedestrians; this is common every-day knowledge. It only becomes unnecessarily dangerous when negligently driven.

In most of the statutes in other States making dangerous driving of an automobile a misdemeanor we find that the danger is that arising from unlawful or unreasonable or improper speed. (*Hood & Wheeler Furniture Co.* v. *Royal*, 200 Ala. 607; *Matter of Daniels*, 183 Cal. 636; *State* v. *Schaeffer*, 96 Ohio St. 215; *People* v. *McMurchy*, 249 Mich. 147.) Statutes prohibiting reckless driving, or driving at a rate of speed which is unreasonable under all the conditions, are very generally and by a great weight of authority upheld. (Huddy on Automobiles [8th ed.], p. 408, § 394; p. 1052, § 892.) We find in the cases, however, the words " excessive speed," or " unreasonable rate of speed," or the " driving in such a way as to endanger the lives and safety of the public." (*Commonwealth* v. *Pentz*, 247 Mass. 500; *State* v. *Andrews*, 108 Conn. 209.) Some States, however, have gone so far as to declare such phraseology too uncertain to render the law constitutional. (*State* v. *Lantz*, 90 W. Va. 738; *Strickland* v. *Whatley*, 142 Ga. 802.) (See, also, *State* v. *Goldstone*, 144 Minn. 405; *Mulkern* v. *State*, 176 Wis. 490; *Gallagher* v. *State*, 193 Ind. 629.)

The result of the decisions leads to the conclusion that the standard in all of these cases is and must be that of negligence or the failure to exercise the care of the reasonably prudent man. No man exercising care or measuring

up to this standard of the common law is intended to be made guilty by these provisions of our Vehicle and Traffic Law. To do so would penalize the careful man in favor of one who might have been injured through his own carelessness because in criminal offenses there is no such thing as contributing negligence. Therefore, in order to render these two provisions of section 58 of the Vehicle and Traffic Law constitutional and provide for them a standard or measure of conduct, we must read the words " unnecessarily interferes " or " unnecessarily endangers " as " unreasonably interferes " or " unreasonably endangers," which means " interferes with or endangers the user of the highway through the failure to exercise reasonable care, reasonable caution or the reasonable foresight of a reasonably prudent and careful person." We then have some standard for the guidance of the court the same as we have in the ordinary negligence case. Without such a standard, without such a measure by which to judge the conduct of man, the criminal statutes are too vague and indefinite for enforcement; they are unconstitutional.

Applying this law to this particular case, small indeed in its consequences, but very important in principle, we find that here, too, the evidence does not bring it within the condemnation of the law. The evidence is lacking of any failure upon the part of the defendant to exercise the care of a reasonably prudent man. He was convicted, not for speeding, but because he struck the other car, without proof that it was his fault through his negligence. The mere collision was insufficient to prove this. As heretofore stated, both cars were approaching the crossing, one at ten miles an hour and the other at fifteen. The complainant, seeing the defendant's car fifty feet from her for the first time, increased her speed to twenty miles an hour, and the two cars collided. The prosecution failed to prove the speed of the defendant's car or to show that he could or should have stopped in

the distance indicated. There is here lacking that element which makes for negligence or which shows that he was unnecessarily interfering with or unnecessarily endangering users of the highway.

We have argued these latter points because the judge found the defendant guilty of violating the first two subdivisions of section 58, and because of the attack made upon the constitutionality of the statute. Our decision, however, must be for reversal, for the reasons first stated in this opinion. The defendant was charged with reckless driving, prohibited by the third subdivision of the section, in that he drove an automobile at a rapid and dangerous rate of speed, thereby endangering the life of other users of the highway. This charge failed for want of proof, and the information should have been dismissed.

The judgment should be reversed and the information dismissed.

KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur; POUND, Ch. J., and LEHMAN, J., dissent.

Judgment reversed, etc.