THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY ANSONIA, Appellant.

County Court, Oneida County, May 20, 1947.

*William J. Powers* for appellant.

*Earle C. Bastow, District Attorney (Edward C. Martin* of counsel), for respondent.

HANAGAN, J. The defendant has appealed from a judgment of the City Court of Rome, New York, convicting the defendant of violating section 722 of the Penal Law after a trial on February 20, 1947. The defendant was sentenced to pay a fine of $25 or be confined in the Oneida County Jail for twenty-five days.

On this appeal the appellant contends: (1) That there was insufficient evidence produced at the trial to sustain the conviction, and (2) that the information was defective as a matter of law.

The evidence of the prosecution shows that the complainant, Gloria Castro, and about fifteen other persons including the defendant, were employed in the stranding department of the Spargo Wire Company, Rome, New York, on January 11, 1947; that in the forenoon of that day the defendant was laughing and pointing at the complainant; that, as the complainant walked by the defendant, he called her a very offensive name; that thereupon the complainant struck the defendant on the side of the head with her boots, which she was carrying in her hand; that the defendant then grabbed the complainant around the neck with his left arm and struck her in the face two or three times with his right hand, causing her nose to bleed and become swollen; that another employee pulled the defendant away from the complainant, and this same employee then held on to the complainant, who was crying and who had become hysterical; that all of this was observed by several of the employees in the room; and that the complainant was treated by a doctor for her swollen nose and the accompanying pain.

Section 722 of the Penal Law reads as follows: *" Disorderly conduct.* Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:

" 1. Uses offensive, disorderly, threatening, abusive or insulting language, conduct or behavior;

" 2. Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others * * *."

" A breach of the peace is an offense well known to the common law. It is a disturbance of public order by an act of violence, or by an act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community." (*People* v. *Most,* 171 N. Y. 423, 429.) " Each case where the offense is charged must depend upon the time, place, and circumstances of the act." (*People* v. *Johnson,* 86 Mich. 175, 177; *People* v. *Perry,* 265 N. Y. 362.)

The above acts of the defendant took place in one of the departments of the Spargo Wire Company, a domestic corporation. The defendant at the time was not upon his own private property. The defendant and the other persons were present in the stranding department of that company by reason of the fact they were employees of the company. All employees of that department had the right to be present there during the hours of their employment. These employees, gathered as they were in one department of this plant, constituted a portion of the public. Any place may be made public by temporary assemblage. (*People* v. *Bixby,* 67 Barb. 221, citing Bishop on Statutory Crimes 298.)

Under the circumstances here it may be reasonably concluded that the acts of the defendant annoyed, disturbed, and interfered with at least a portion of the employees gathered in the room of their employment. A situation was brought about by the acts of the defendant that might cause a common fear to many of those present or might incite others of those present to general public violence. The offensive language and disorderly conduct of the defendant tended to and provoked a breach of the peace in violation of the statute. It is not necessary that every person in the room where these acts occurred should have been annoyed or disturbed. It is fortunate that more serious consequences did not develop.

The violation of section 722 of the Penal Law is a minor offense, but not a crime. (*People* v. *Sly,* 180 Misc. 96.) " A complaint in the Magistrates' Court charging disorderly conduct need not state the name of the crime, the ' particular offense,' with the exactness required of an indictment or an information." (*People* v. *Hipple,* 263 N. Y. 242, 244; *People* v. *Grogan,* 260 N. Y. 138.)

The information in this case states the offense charged and sets forth sufficient alleged facts to constitute the offense of disorderly conduct. The information is sufficient as a matter of law.

The judgment of the City Court of Rome is affirmed. Ordered accordingly.