James D. Hurley, J.
The petitioner is vice-principal of the Williamson Central School, Williamson, New York. He brings this proceeding to adjudicate the respondent, Willie Mae Neal, a delinquent, claiming that she has been guilty of disorderly conduct pursuant to section 720 of the Penal Law, and is incorrigible, ungovernable or habitually disobedient and beyond the control of lawful authority.
The facts alleged are that on or about the 29th day of April, 1957, the respondent, Willie Mae Neal, a student at the Williamson Central School, upon entering the school bus for transportation to her home, ate some fruit while on the said bus contrary to the specific directions of the bus driver; that when the bus driver went to the place where she was sitting in the bus and attempted to remove her, she bit the bus driver on the hand or wrist, whereupon the bus driver slapped her; that thereafter the bus driver returned to the school with the bus and reported the incident to the vice-principal of the school; that thereafter the vice-principal of the school entered the bus and requested the respondent and her sister to go to the principal’s office to dispose of the matter; that instead of leaving the bus as requested, respondent refused to leave the bus but instead insisted on her right to stay in the bus; that she refused all requests to leave and was required to be ejected from the bus; that during this period of time the respondent resisted the requests not only of the vice-principal, but of others in a position of authority in the school; that as a result of these occurrences, other children in the bus, particularly the very small children, became upset and began to cry. It is alleged that these acts amount to disorderly conduct under section 720 of the Penal Law and further that they indicate such a disregard on the part of the respondent for the reasonable requests and demands of the school authorities as to make her a delinquent child as defined in subdivision 2 of section 2 of the Children’s Court Act.
The respondent denies that she bit the driver of the bus, claims that the acts did not amount to disorderly conduct and that at most the acts of the respondent constitute an isolated *753 case of simple disobedience at a time when the respondent was under a great strain as a result of being struck by the bus driver.
While a point has been made by the respondent that she was unfamiliar with any rule or regulation established by the school authorities prohibiting children on the school bus from eating while riding on the school bus, I am satisfied from the admission of the respondent herself that, at the time she entered the bus to ride home, she was eating some fruit; that as she entered the bus, the driver told her that she must put it away and not eat it on the bus; that subsequently, after the bus started and had gone some distance, she was again told by the bus driver to put the fruit away which she refused to do ; that thereafter either the respondent or her sister started again eating the fruit. The bus driver stopped the bus and went to the seat where the respondent was sitting and told the respondent that she would have to put the fruit away or get off the bus. Respondent then stated in words or substance that they were taxpayers and did not have to get off the bus.
Apparently at this time the bus driver became exasperated and put his hands on the respondent’s shoulder, apparently to remove her from the bus. There is considerable testimony to the effect that the respondent bit the bus driver, whereupon he slapped her in the face, returned to the driver’s seat and proceeded back to the school xvith the bus. The respondent denies that she bit the driver but did not deny that she refused to comply with the directions of the driver nor that she claimed a right to ride on the bus and to remain therein.
I am satisfied from the evidence that upon the return of the bus to the school grounds, the vice-principal of the school, as well as at least one other person connected with the school, tried to reason with the respondent and her sister in order to have them leave the bus and go to the principal’s office to discuss the matter. I am also satisfied that the actions of the vice-principal were reasonable under all the circumstances. The fact that he apparently remonstrated with the respondent and her sister for a period varying from 5 to 15 minutes without success satisfies the court that the respondent was unreasonable in her refusal to acquiesce to his demands. Further, it seems that during this period of time the respondent and her sister continually blamed the driver for their troubles and insisted that since their parents were taxpayers they had a right to remain on the bus. Eventually the respondent was removed from the bus with the aid of some physical force.
There is evidence in the record that on two prior occasions the vice-principal had occasion to talk with the respondent *754 concerning* her acts and that on one of these occasions it concerned her acts on a school bus.
I am further satisfied that the occurrence at the time the bus driver slapped the respondent and the occurrence in the school yard when the respondent refused to leave the bus were such acts as would tend to a breach of the peace and did actually disturb and annoy other students in the bus, particularly the younger students in the lower grades.
I am also satisfied that the school bus on this occasion might properly be considered a ‘ public place ’ ’ within the meaning of section 720 of the Penal Law. There were numerous students on the bus from various homes in the community attending various grades in the school. They had a right to be on the bus and in fact might be called captive witnesses of these occurrences. (People v. Ansonia, 189 Misc. 232.)
This is not a case, in my opinion, which requires repeated acts of insubordination, as in the case of truancy.
While it is possible that the rules and regulations of the school authorities concerning eating of fruit or other substances on a school bus, were not known by the respondent before boarding the bus on this occasion, I am satisfied that on this particular occasion the respondent was informed upon entering the bus that she should not eat on the bus. She willfully disobeyed this instruction and when taken to task by the bus driver for such disobedience, not only refused to comply with the requests of the bus driver, but insisted on her right to ride the bus under any and all circumstances. Respondent persisted in this conduct for between 5 and 15 minutes while the school bus was in the schoolyard.
As a result of this there was a breach of the peace at the time the bus driver stopped the bus and a second show of force when respondent was forcibly ejected from the bus. Unfortunately, it seems that these were the direct result of the actions of the respondent.
The law requires that all students of the Williamson Central School be treated alike. It also requires that all students of the Williamson Central School obey the reasonable directions and orders of the school authorities. If these requirements of the law are obeyed by all, there will be no recurrence of situations such as this.
I therefore hold the respondent, Willie Mae Neal, to be delinquent in that on the 29th day of April, 1957 she was guilty of disorderly conduct.
This proceeding is adjourned until June 18, 1957 at the Wayne County court house for further disposition.