■ In the Matter of the Claim of EVELYN RILEY, on Behalf of Herself and Minor Children, Respondent, against DEAN OF ITHACA, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from an award of disability compensation and death benefits. Appellants contend that the evidence does not support the finding of an industrial accident and that there is no substantial medical evidence to causally relate decedent's disability and subsequent death to an industrial accident. Decedent was 48 years of age at the time of his death on December 14, 1953. He had a pre-existing arteriosclerosis. His employment for about eight years had included, at least for a substantial part of the time, moving household furniture. On October 5, 1953, while he was engaged, with coemployees, in carrying a piano upstairs, decedent suffered a " heart attack," as that term is generally understood. He continued in his employment, however, and on November 9, 1953, was engaged in moving the usual household furniture of a three-room apartment, including a large refrigerator and a studio couch or davenport weighing approximately 150 pounds, to an upstairs apartment. Immediately after assisting in carrying the furniture upstairs decedant became ill, short of breath, perspired excessively, and complained of chest pains. He never returned to work and died five days later due to stenosis, insufficiency of the aorta and coronary occlusion. The evidence amply supports a finding that undue and extra effort brought on the final and fatal attack. The medical evidence as to causal relationship presents only a question of fact. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of MILES R. KELLEY, Petitioner, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— This is a proceeding under article 78 of the Civil Practice Act to review a determination made by the Commissioner of Motor Vehicles revoking petitioner's operator's license after a hearing. The commissioner found petitioner guilty of gross negligence in the operation of a motor vehicle, and revoked his

license under section 71 (subd. 3, par. [e]) of the Vehicle and Traffic Law. Petitioner became involved in a collision with another car on the evening of January 9, 1956, in the village of Massena, New York. The accident happened on Main Street, which was a four-lane blacktop highway. The weather was clear but the pavement was wet. Petitioner was traveling south, and ahead of him on the west side of Main Street another car, driven by a woman, was about to emerge from a gasoline station. According to her testimony she brought her car to a full stop and no part of it was in the roadway when it was struck by the petitioner's car. The damage to both cars was severe, and in addition both drivers were rendered unconscious. The woman driver was thrown out of her car into a snowbank, and petitioner sustained several cracked ribs. Petitioner had been drinking before the accident and admitted that he had three drinks of whiskey, two before dinner and a third five or ten minutes before the accident. The street lights were off at the time, due to a power failure, and petitioner said that he did not see the other car because of this fact, and also because his own headlights were dirty. Despite this he admitted that he was driving 30 miles an hour in a 25 mile zone, and apparently crowding the curb line of the west side of the street. The police officer who investigated the accident was of the opinion that petitioner was intoxicated but the referee made no finding to that effect beyond stating the admissions of petitioner that he had been drinking. There are many and varied definitions of gross negligence, such as "reckless driving", "culpable negligence", "criminal negligence", and "a disregard of the consequences that may ensue from a given act", and "indifference to the rights of others" (*People* v. *Grogan*, 260 N. Y. 138; *People* v. *Angelo*, 246 N. Y. 451; *People* v. *Eckert*, 2 N Y 2d 126; *People* v. *Decina*, 2 N Y 2d 133). Where casual, or slight negligence ends, and gross negligence begins may be difficult to determine, but essentially the issue is predominantly one of fact and not of law. Where there is room for the trier of the facts to draw different conclusions certainly the issue is one of fact. The findings here seem to be inaccurate in one particular, viz: "he failed to drive in his proper lane of traffic, instead he drove on the extreme right, in the lane reserved for parked or standing vehicles". There was no proof that the extreme right lane was reserved for parked or standing vehicles, but the error is of slight consequence in view of the other evidence. On the whole record it cannot be said as a matter of law that the commissioner did not have substantial grounds to sustain his determination. Determination confirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.