■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM I. ARMLIN, JR., Appellant.— Appeal from a judgment of the County Court of Schoharie County convicting defendant, after a jury trial, of the crime of reckless driving. The evidence which the jury was entitled to credit, and obviously did accept, was ample to warrant conviction under a sufficient indictment. We find error, however, in the trial court's denial of a motion in arrest of judgment, made on the ground that the facts stated in the indictment do not constitute a crime. (Code Crim. Pro., §§ 467, 331.) The indictment charged the violation of section 58 of the Vehicle and Traffic Law, whereby the crime is defined, and then alleged that defendant drove an automobile " in such a manner as to interfere with the free use of the public highway and did thereon endanger the users of the public highway". Thus the indictment departed from the language of the statute in several respects, the most important being the failure to allege that the manner of defendant's driving " unreasonably " interfered with the free " and proper " use of the public highway or "unreasonably" endangered users thereof. The omission to plead, in either instance, the essential constituent of unreasonableness seems to us fatal. The essence of the statutory violation is negligent operation (*People* v. *Grogan*, 260 N. Y. 138, 148) and the language of the indictment to which we have thus far referred does not, necessarily and certainly, charge negligence, absent any allegation of unreasonableness. The mere presence of a motor vehicle upon the highway may interfere with the highway's "free use" (in the language of the indictment) and its mere operation may constitute a potential danger to users of the highway, subject to activation through unavoidable accident or by negligence of one not criminally responsible (e.g., the manufacturer or an absent owner). As the court recognized in the *Grogan* case (*supra.* p. 147), stopping a vehicle for one of

many reasons, as to ask directions, might unnecessarily interfere with traffic without thereby becoming a criminal act; and, as was further said (p. 148): "Driving a horse or driving an automobile may be *dangerous* to pedestrians; this is common every-day knowledge. It only becomes *unnecessarily dangerous* when negligently driven." (Emphasis supplied.) (The court equated "unnecessarily", as it then appeared in section 58, to "unreasonably", presently used.) The indictment further charged that defendant operated his vehicle "across the center line of said highway into the path of an approaching car without any warning and at a high rate of speed causing same to be compelled [*sic*] headlong into the vehicle approaching from the opposite direction on its own proper side of the highway." We do not consider that the use of this language cures the omissions to which we have referred. These are not words "conveying the same meaning" as those omitted or serving to "plainly and concisely" define a criminal act or omission. (Code Crim. Pro., §§ 283, 284, subd. 6.) They do not seem to us necessarily to charge acts which would have to be held unreasonable or negligent under any circumstances. A left turn, without warning, in the path of an approaching car may be negligent or not, depending on the other factors involved; and, of course, neither high speed nor the mere occurrence of a collision constitutes reckless driving, in and of itself. Even if the element of unreasonableness might be inferred from these additional allegations, the indictment would not thereby be validated. "It is not sufficient to allege the facts from which an inference of the principal fact may be drawn, without charging the principal fact." (*People* v. *Albow,* 140 N. Y. 130, 134.) Judgment reversed, on the law, and motion granted, and, the court finding that there is reasonable ground to believe the defendant guilty, and that a new indictment can be framed upon which he may be convicted (Code Crim. Pro., §§ 470, 144-a) defendant ordered to be recommitted or admitted to bail anew to answer the new indictment. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur; Bergan, J., dissents in the following memorandum: The indictment pleads sufficient facts as to the operation of the defendant's vehicle from which the legal conclusion that its operation "unreasonably" interfered with the free and proper use of the highway was fairly deducible. I vote to affirm the judgment.