Domenick L. Gabrielli, J.
On October 18, 1958, the defendant was arrested for a violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law. It was claimed that he had gotten out of his automobile, without turning off the motor and removing the ignition key from the car. The police officer, upon seeing this, drove the vehicle to the police station and when the defendant arrived to claim his vehicle, he was placed under arrest for a violation of the above section of the law.
The violation charged against the defendant referred specifically to the claim that he had not turned off the motor, had not locked the ignition, and had not removed the key.
Upon the defendant’s arraignment, the facts that he had not turned off the engine, locked the ignition and had not removed the key, were admitted, and, after a hearing held in the matter, the City Judge dismissed the charge and discharged the defendant.
From the order of dismissal, the District Attorney has appealed to this court, claiming that the City Judge had erred in the dismissal of the charge.
The defendant contends that subdivision (a) of section 1210 of the Vehicle and Traffic Law is unconstitutional. He asserts that the part of this section which requires “ removing the key” is so uncertain as to come within the definition of those acts which, being vague, are unconstitutional.
Subdivision (a) of section 1210 of the Vehicle and Traffic Law provides: “ Unattended motor vehicle, (a) No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway.”
Does the section involved meet, according to acceptable legal standards, the true test of constitutionality?
Although the instant charge is one referred to as a “ traffic infraction,” the general rules of the criminal law are applicable (People v. Hildebrandt, 308 N. Y. 397). The real question, therefore, is whether the statute in question, being criminal in nature is sufficiently clear as to give to citizens that “ unequivocal warning ” of the rule which is to be obeyed. (People v. Vetri, 309 N. Y. 401.)
“ The citizen is entitled to an unequivocal warning before conduct on his part, which is not malum in se, can be made the *726 occasion of a deprivation of his liberty or property ” (People v. Phyfe, 136 N. Y. 554, 559).
Has therefore, the questioned section clearly indicated what it is a man’s duty to avoid, and, does one know in advance, whether his act is criminal or not?
It is asserted that the section merely states (after referring to locking the ignition) “ removing the key,” but goes no further; that a removal of the key from the ignition and placing it on the seat of the vehicle, or placing it on the dashboard, or on the floor thereof, or hanging it from the steering wheel, would not, according to the language of the section, be a violation. The only direction is that the key shall be removed from the ignition.
The Supreme Court of the United States has unequivocally stated that such a statute should clearly indicate what it is a man’s duty to avoid (United States v. Brewer, 139 U. S. 278). A person should know in advance whether his act is criminal or not (Tozer v. United States, 52 F. 917).
The Court of Appeals in People v. Grogan (260 N. Y. 138) in its discussion of a statute that was held unconstitutional, said (p. 145): “ Statutes which create crimes must be definite in specifying conduct which is condemned or prohibited. They must afford some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements. 1 Laws which create crime ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid.’ (United States v. Brewer, 139 U. S. 278, 288; Nash v. United States, 229 U. S. 373; International Harvester Co. v. Kentucky, 234 U. S. 216; McBoyle v. United States, 283 U. S. 25-27; Cline v. Frink Dairy Co., 274 U. S. 445, 459.)”
The Court of Appeals has recently held {People v. Firth, 3 N T 2d 472) that a statute that is vague because of a lack of standards of clear and positive warning, is unconstitutional.
In civil negligence cases, the courts have passed on the question of leaving a key in an unattended motor vehicle. In Mann v. Parshall (229 App. Div. 366 [4th Dept.]) it was held that evidence tending to prove that a defendant had left his car unattended without removing the key from the ignition would not suggest a verdict for damages for injuries inflicted upon a child when some unknown person started the car. The court there stated that for the defendant to be held liable, it must be proven that he knew or should have known that children were playing in the vicinity.
*727 The Joint Legislative Committee, in its main report (N. Y. Legis. Doc., 1954, No. 36, p. 106) said, in an explanatory paragraph following the section in question, “ It serves to lessen the likelihood of theft.” However laudatory may have been the desire of the commission, it is felt that the section involved does not clearly meet the standards required.
We must take the law as written, not as intended or hoped for. If it were intended (in order to lessen the likelihood of theft) to require the operator to completely remove the key from the vehicle, the statute should have so stated.
There must be a standard which is definite, unequivocal and not lacking in clarity. Without such a standard, our penal laws and statutes are too vague and indefinite for enforcement.
If any change be needed to effectuate the avowed purpose of the drafters of the law, it is not for the courts to do. They should not amend. That is an area solely within the province of the Legislature.
It is the opinion of this court that subdivision (a) of section 1210 of the Vehicle and Traffic Law, upon which the present charge was based, is too vague to be legally enforced, and is therefore, unconstitutional.
The order of the City Court is affirmed.