In the Matter of RAYMOND J. MOSSER, Petitioner, against WILLIAM S. HULTS, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.— This is a proceeding under article 78 of the Civil Practice Act to review a determination made by the respondent, after a hearing, revoking the operator's license of the petitioner pursuant to section 71 (subd. 3, par. [e]) of the Vehicle and Traffic Law based on a finding of gross negligence. The petitioner, who was 17, testified that he was driving uphill at 50 miles per hour when he observed a road sign indicating a curve to the left. That he slowed to 45 miles per hour, entered the 90-degree curve which he had not thought was so sharp and slid on some gravel which was on the road. The car went into the ditch, travelled until it hit a driveway which knocked it back onto the road, then veered into the ditch again and rolled over one and one half times. The car was a total wreck. The accident happened at 7:50 P.M. and it was light at the time. The Referee found that the petitioner was grossly negligent and drove in a manner so as to unreasonably endanger the life, limb or property of any person. As this court stated in *Matter of Kelley* v. *Kelly* (5 A D 2d 913, 914): "There are many and varied definitions of gross negligence, such as 'reckless driving', 'culpable negligence', 'criminal negligence', and 'a disregard of the consequences that may ensue from a given act', and 'indifference to the rights of others' (*People* v. *Grogan,* 260 N. Y. 138; *People* v. *Angelo,* 246 N. Y. 451; *People* v. *Eckert,* 2 N Y 2d 126; *People* v. *Decina,* 2 N Y 2d 133). Where casual, or slight negligence ends, and gross negligence begins may be difficult to determine, but essentially the issue is predominantly one of fact and not of law. Where there is room for the trier of the facts to draw different conclusions certainly the issue is one of fact." In the factual situation presented here, it is our view that there is substantial evidence to support the finding of gross negligence. Determination unanimously confirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.