Archibald C. Wemple, J.
The defendant was arrested on April 11,1959 and charged with reckless driving on an information stating that at 3:05 a.m. he operated his vehicle in such a manner as to go through 1 ‘ an emergency barricade which had been erected to halt traffic from proceeding through the scene of a serious accident ’ ’. The barricade consisted of a police car with red flasher light operating, a flasher light on the street and a fire vehicle with its red flasher light operating. It appears that, in proceeding through the emergency barricade, the defendant narrowly missed hitting the complaining officer.
In his affidavit of errors the defendant set up several alleged errors committed during the trial and proceedings therein. The defendant’s counsel did not argue the appeal but submitted on a brief in which he limited the scope of the appeal to two alleged errors in law, namely (1) that the information failed to set forth facts sufficient to charge the crime of reckless driving and the court erred in denying defendant’s motion to dismiss the same; and (2) that the trial court committed a reversible error in denying the defendant’s motion to exclude from the courtroom the prosecution witnesses during the testimony of other prosecution witnesses.
A careful review of the evidence confirms the charge that the defendant, at the time and place of his arrest, was operating his car in a reckless and negligent manner. To proceed through red flasher lights operating on vehicles located on the street, and one on the street itself, clearly indicates a use of the highway without reasonable care or caution. It was proper for the police to set up a temporary barricade at the scene of an accident and to halt traffic. The flasher lights served as a warning to traffic of an emergency — a situation such as car accident, requiring a stopping or slowing of approaching vehicles. If the defendant had been operating his car within reasonable speed limits, had he maintained a proper lookout ahead, or had he used the brakes on his car at the proper time, there would have been no reason for him to go through the barricade. The only reasonable conclusion to be drawn is that the proof substantiates the charge that the defendant was operating his car in a reckless manner and so as “ to interfere with the free and proper use of the public highway and unreasonably endanger the users thereof.” Quoting from People v. Grogan (260 N. Y. 138, 144) the court said: ‘ ‘ Reckless driving, therefore, standing by itself *184 means the running or operation of an automobile under such circumstances as to show a reckless disregard of the consequences. ’ ’
On the second point, as to the exclusion of prosecution witnesses, this was a matter in the discretion of the Trial Judge. There appears to be no statutory rule or law governing the separation of witnesses during a trial. Many courts permit the exclusion of witnesses at the request of the defense counsel. This practice is approved but not required. There does not appear to have been any prejudice to the defendant by reason of the court’s refusal to separate or exclude prosecution witnesses in the case at bar. This court quotes with approval of Underbill’s Criminal Evidence (5th ed., vol. 2, § 510, p. 1279) as follows: “The presiding judge may, when it shall seem necessary for the due administration of justice, order a separation of the witnesses, and the exclusion of all witnesses, expert or otherwise, from the courtroom while any witness is under examination.”
No reversible error is found. The conviction of the defendant is hereby affirmed. Enter order accordingly.