Meltoh A. Wiltse, J.
Upon a trial before the Honorable A. E. Wratteh, Police Justice of the Village of Adams, on January 10,1961, a jury returned a verdict of guilty against the defendant, for violation of section 1190 of the Vehicle and Traffic Law. Judgment of conviction was entered the same day. Defendant has appealed.
It appears that the Fire Department of the Village of Adams was razing, by burning, as part of its fire control training program, an unoccupied structure on Church Street, during the early evening hours of October 30, 1960. During the progress of this work, there was a fire pumper stationed a few feet from the paved portion of the roadway, furnishing water to control the fire. Upon the pumper, a red blinker light and two white lights were in operation. Across the street from the pumper, there was stationed a “walk-in” fire vehicle. Its motor was running, and two red flashing lights were also operating. The building being razed was on the opposite side of the street from the place where the pumper was stationed. A fire hose extended from the pumper and across the road to the building. Planks were placed on each side of the hose for protection as it crossed the paved portion of the street. It was a clear night and the road surface was dry. The street lights were illuminated. One *1036 of the firemen was standing adjacent to the paved portion of the street and near the hose, flashing a signal light.
Church Street, where the activity indicated above was taking place, is about 500 feet from an intersecting street. At about 9:30 in the evening, an automobile entered Church Street from the intersecting street, and proceeded toward.the scene described. It veered from the paved section of the highway, passing over the unprotected portion of the hose, then striking the light in the hand of the signaling fireman, knocking the light into the air a distance of approximately 30 feet, throwing the fireman to the ground, and then veering back to the pavement. The car continued without stopping.
A member of the department, present at the scene, testified at the trial that he had operated a motor vehicle for many years, had checked estimates of his speed with the automobile speedometer as he was driving, and that in his opinion, the car was traveling on Church Street at a speed of about 40 miles an hour.
When the fireman signaling was thrown to the road, one of the other firemen present pursued the car on Church Street in the “ walk-in ” vehicle. It was overtaken and stopped. It was a Ford automobile bearing New York State registration plates, No. WR6441, and operated by a person whom the fireman identified at the trial as the defendant.
The fireman walked over to the Ford automobile after overtaking it, and asked the driver to follow him back to the place of the occurrence. He assented, but while the fireman was turning his vehicle around, the driver of the Ford car went in the opposite direction. Upon an information laid before the Police Justice, since the defendant’s name was not known at the time, a warrant for one John Doe, charging violation of section 1190 of the Vehicle and Traffic Law was issued. Several days later, the driver was apprehended by a Deputy Sheriff.
The defendant has alleged, among other things, in his affidavit of errors, that his guilt was not proved beyond a reasonable doubt, and that receiving evidence as to his speed was error. He also urges that the sentence to pay a fine of $100 was excessive.
The witness as to speed was qualified to testify. The sufficiency and credibility of his testimony became a question of fact for the jury to determine.
The defendant’s guilt was proved beyond a reasonable doubt. The testimony appears to establish that the defendant was operating his Ford automobile in such a manner as to unreasonably interfere with the free and proper use of the highway and as to unreasonably endanger the users of same.
*1037 It has been stated in People v. Grogan (260 N. Y. 138, 149) that, one who t unreasonably interferes ’ or 1 unreasonably endangers, ’ which means 1 interferes with or endangers the user of a highway through the failure to exercise reasonable care, reasonable caution or the reasonable foresight of a reasonably prudent and careful person ’ ” is likewise guilty of reckless driving. The facts here aptly describe a situation which falls within that definition.
The maximum sentence authorized under the law was not pronounced, and the sentence was not excessive.
The other errors alleged did not prejudice any substantial right of the defendant.
The judgment of conviction should be affirmed in all respects.