■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD H. COLOSIMO, Appellant.— This is an appeal by defendant from a judgment of the Delaware County Court entered upon conviction of violation of section 1053-a of the Penal Law, entitled "Criminal negligence in the operation of vehicle resulting in death". The conviction resulted from an automobile accident which occurred in the month of July, 1960. The car driven by defendant and one driven by Charles C. Shultis collided in a sideswiping manner while proceeding in opposite directions, and as a result a young lady passenger in defendant's car was killed. The left rear of defendant's car, from about the door back, was damaged by the collision. The Shultis' vehicle was damaged in the left front and side. It appears also that there were skid marks in the defendant's lane, made by his car and leading to the point where the car first left the highway. A State trooper testified that it appeared to him that the skid marks commenced after the impact. The People's case consisted of proof of excessive speed, which caused the defendant's car to cross over the white line, thereby causing the sideswipe to occur and resulting in the passenger's death. It is not disputed that the accident happened within the village limits of Fleischmanns, where the posted village speed limit was 25 miles per hour. Such speed restrictions are established due to population and congested traffic situations but these reasons were in no way associated with the happening of this accident. There was no evidence in this record of what was the safe speed to operate an automobile at this particular point of the highway where an "s" curve existed. The defendant, at the end of the People's case, moved to dismiss the indictment for, among other things, a failure to make out a case. At that point, there was no proof of a safe speed to travel this curve, nor was there any proof that defendant was not traveling at a safe speed, other than the mere proof that the village speed limit was 25 miles per hour and that he was proceeding about 60 miles per hour. However, there was evidence that at the time of the accident the defendant was in the wrong lane, and that this occurred as a result of excessive speed. In the case of *People* v. *Bearden* (290 N. Y. 478) the Court of Appeals stated at page 483 that "Proof of speed under certain conditions may lead to civil liability" and "'A distance separates the negligence which renders one criminally liable from that which establishes civil liability.'" The Court of Appeals in *People* v. *Eckert* (2 N Y 2d 126) and *People* v. *Decina* (2 N Y 2d 133) has established that the "distance" is one of knowledge on the part of the defendant. The court stated at pages 130–131: "This is why a conviction under this statute cannot be based solely on proof of excessive speed (*People* v. *Bearden, supra*; *People* v. *Walker*, 296 N. Y. 740). The conduct required is of a different kind. As the terms signify, this conduct arises when the actor has knowledge of the highly dangerous nature of his actions or knowledge of such facts as under the circumstances would disclose to a reasonable man the dangerous character of his action, and despite this knowledge he so acts." Apparent or extreme danger sufficient to meet the test of *People* v. *Eckert* (*supra*) is not made out by proof of excessive speed. (*People* v. *Grogan*, 260 N. Y. 138, 144.) Mere knowledge by the defendant of driving an automobile in excess of a village speed limit is not sufficient to

sustain a conviction. Judgment of conviction reversed, on the law, and indictment dismissed. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.