■ In the Matter of MILLARD R. BOYLE, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Determination unanimously annulled on the law, with costs, and respondent directed to restore petitioner's license. Memorandum: Petitioner's operator's license was suspended after a hearing on the ground that he had operated a motor vehicle in a manner showing a reckless disregard for life or property of others. The uncontroverted testimony before the Referee was that at 10:30 P.M. when it was snowing and highway markings were covered with snow and visibility was impaired, petitioner attempted to pass a slow moving

vehicle and collided with an approaching automobile which had been concealed from petitioner's view by a dip in the road. Before he attempted to pass petitioner was proceeding at a moderate rate of speed. He observed the condition ahead of him and saw lights in the distance, but did not see the dip in the road which concealed the approaching automobile with which his car thereafter collided. The investigating officer testified that the downgrade in the highway was of sufficient depth to conceal a vehicle and that the downgrade could not be observed under the then existing weather conditions. Accepting these undisputed facts as descriptive of petitioner's conduct immediately prior to the accident, we find no substantial evidence to support the determination that petitioner's conduct shows a reckless disregard of the consequences of his conduct or indifference to the rights of others. The determination cannot be based upon the fact that a collision occurred or that a passenger sustained fatal injuries as a result of it, but it must be supported by proof of what petitioner did and failed to do. (*People* v. *Grogan,* 260 N. Y. 138, 143.) "In order to find a ' reckless disregard for the life and property of others ', there must, of necessity, be evidence of a consciousness on the part of the driver of impending dangerous consequences if he persists in his conduct and his failure to desist from such conduct regardless of the consequences." (*Matter of Jenson* v. *Fletcher,* 277 App. Div. 454, 458.) Here there is a complete lack of any such evidence. (Review of determination suspending driver's license.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.