Kenneth C. Johnson, Jr., J.
Section 1227 (now § 1229) of the Vehicle and Traffic Law reads as follows: “ 1. Every person operating a privately-owned vehicle in delivering the. United States Mail to the addressee thereof shall affix to the roof of such vehicle a white sign containing the following statement:
u. s. MAIL
Such statement shall be in black lettering at least eight inches in height. ’ ’
Subdivision 2 of section 1227 (1229) provides for punishment for violations by a fine up to $25,10 days’ imprisonment, or both.
A State Police officer cited the defendant, a rural mail carrier, on March 24, 1969 for the violation. Both at that time and at his subsequent trial (at which he pleaded not guilty) the defendant maintained his innocence, contending that his vehicle did in fact carry the required sign. It is undisputed that the vehicle bore a sign, painted on and across the roof of the car, in black letters eight inches in size, on a white background, the sign reading “ U. S. Mail ”. Agreeing with the complaining police officer that the sign was not in compliance with the statute and finding the defendant guilty as charged, Justice Howell sentenced the defendant to a conditional fine of $25.
On this appeal the defendant contends that the statute is unconstitutional on the grounds (1) it is too vague and ambiguous to be legally enforceable, (2) it is discriminatory in that it does not apply to all private mail carriers and other private vehicles used in similar type functions, (3) it attempts to usurp the authority of the Post Office Department in carrying out a Federal function. The defendant also maintains that he has, in fact, complied literally with the terms of the statute.
The rules of criminal law apply to prosecutions for traffic infractions. (People v. Firth, 3 N Y 2d 472.) Statutes which create crimes must be definite in specifying conduct which is condemned or prohibited. They must provide an understandable guide, rule or information as to what must be done and what must be avoided, so that the ordinary man may know how to comply with their requirements. (People v. Grogan, 260 N. Y. 138.) A statute which either forbids or requires the performance of a certain act in language so vague that men of common experience and intellect must necessarily guess at its meaning and may differ as to its application, violates the essential of due process of law. (People v. Zanchelli, 8 Misc 2d 1069; People v. Hammond, 15 Misc 2d 724.)
In the light of the foregoing principles, is the language of the statute so clear and definite as would warrant this court to hold *622 that the defendant violated the statute and deny his appeal? This court is of the opinion that the wording of the statute is not clear and that, in fact it is vague, indefinite and defective. The complaining police officer testified that he issued the citation because the sign was visible only from above, not from the front or rear. The Trial Justice merely found that “ the intent of the sign was that it be visible ”. However, the statute is silent as to visibility. It provides no standards or guides for affixing the sign except that it be on the roof. The purpose or objective for the sign is nowhere stated. Read literally, the requirements of the statute could be met by mounting the sign at any angle to the plane of the roof, facing in any direction, or even by mounting or affixing it flat on the roof as this defendant did. It would not have been difficult for the framers of the statute to have stated its requirements in more exact language. See, for example the requirements for signs on school buses set forth at section 375 (subd. 20, par. [b]) of the Vehicle and Traffic Law.
In People v. Firth (supra) the Court of Appeals said at page 474: “ We may guess at what the draftsman intended and, indeed * * * there is material available to show what was intended. But that is not sufficient. For validity the statute must be informative on its face ”.
Similarly, in People v. Hammond (supra) the court said at page 727: “ We must take the law as written, not as intended or hoped for.”
The statute in question, besides being too vague, doesn’t even give a hint as to its intent. Its purpose is unknown to the court. Was it enacted for the safety of other motorists and if so, shouldn’t it apply to all private carriers, to private vehicles leased by the Post Office and to those delivering newspapers to each mail box, etc.? Perhaps the statute was enacted to identify the vehicle that pulls up to a mail box so that anyone looking out from the residence may know who is present at the mail box. If so, shouldn’t the statute apply also to others making deliveries ? With the purpose unknown it is difficult to make a decision whether there were any discriminatory aspects of the statute.
This court holds, therefore, that section 1227 (now § 1229) of the Vehicle and Traffic Law, is too vague and uncertain to be legally enforceable and is, therefore, unconstitutional.
The conviction of the defendant is reversed, the fine ordered remitted and the traffic information dismissed.