THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH SAS, Appellant.

County Court, Chenango County, December 30, 1939.

*Matthew S. Ogonowski*, for the appellant.

*Lester R. Mosher, District Attorney*, for the respondent.

BROWN, J. This is an appeal from a judgment rendered in a Court of Special Sessions in the town of Oxford, N. Y., convicting the defendant of a violation of section 58 of the Vehicle and Traffic Law. Defendant seeks a reversal of the judgment of conviction on the ground that the information on which the warrant of arrest was issued by the justice of the peace was insufficient to confer jurisdiction in the case.

Section 58 of the Vehicle and Traffic Law reads as follows: " Reckless driving shall mean driving or using any motor vehicle or motor cycle or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway. Reckless driving is prohibited. Every person violating this provision shall be guilty of a misdemeanor." The information

alleges that, on the 7th day of October, 1939, at about six-forty-five o'clock in the afternoon, the defendant " did wrongfully, unjustly, unlawfully, willfully and knowingly violate section 58 of the Vehicle and Traffic Law by driving and operating a motor vehicle upon the said Route 12 road, a public highway of the town of Oxford, county of Chenango, N. Y., in a reckless manner, by driving and operating said motor vehicle upon said highway in a manner which unnecessarily interfered with the free and proper use of said highway, and unnecessarily endangered users of said highway, in that the said Joseph Sas did operate said motor vehicle in such a way as to unnecessarily interfere with the proper use of highway and did cause accident by such operation to another car."

The information does not charge the defendant with the offense of reckless driving as defined in section 58 of the Vehicle and Traffic Law. To constitute the crime of reckless driving, as defined in that section, one must operate a motor vehicle upon the highway in a manner which " unreasonably " interferes with the free and proper use of the highway or " unreasonably " endangers users of the public highway and not, as alleged in the information, " unnecessarily " interferes, etc., and " unnecessarily " endangers, etc. The expression " unnecessarily " is indefinite when used in a statute that creates a crime. The word " unnecessarily " was formerly used in said section. Following the decision in the case of *People* v. *Grogan* (260 N. Y. 138), where this section was under consideration, and in 1933, the Legislature amended the section by substituting the word " unreasonably " for " unnecessarily " in the two places in the former section where the latter word had appeared. Furthermore, the information is defective in that the allegations therein are conclusions and not statements of facts showing the way in which defendant unreasonably interfered with the proper use of the highway or endangered users of the public highway in operating his automobile thereon. It does not point to the acts that caused the alleged interference or danger. No material facts constituting the offense were stated. The circumstances that caused the accident " to another car " are not given.

An information placed before a justice of the peace is the foundation on which his jurisdiction in any given case rests. It performs the function of an indictment in a court of record. (*People* v. *Wacke*, 77 Misc. 196; *People* v. *Williams*, 135 id. 564; *People* v. *Zambounis*, 251 N. Y. 94.) In *People* v. *Grogan* (*supra*) the sufficiency of the information charging the defendant with the violation of section 58 of the Vehicle and Traffic Law was under consideration and, in discussing the requirements of an information in a Court of Special Sessions, Judge CRANE said (at p. 142): " The information

must set out the acts constituting the crime with the same clarity as an indictment; it must state the offense and the act constituting the offense."

The information was insufficient to confer jurisdiction in this case and the motion made by defendant's counsel to dismiss the proceedings should have been granted. Judgment reversed and the fine of twenty-five dollars imposed in the Court of Special Sessions is remitted.