THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PAUL W. MOORE, Appellant.

County Court, Special Term, Columbia County, July 29, 1942.

*Morris J. Zweig*, for the appellant.

*William F. Christiana, District Attorney*, for the People.

INMAN, J. Section 58 of the Vehicle and Traffic Law, relating to reckless driving, defines three separate crimes: (1) Driving a motor vehicle in a manner which *unreasonably* interferes with the free and proper use of the public highway; (2) Driving a motor vehicle in a manner which *unreasonably* endangers users of the public highway; and (3) Operating a motor vehicle under such circumstances as to show a *reckless* disregard of the consequences. "The information must set out the acts constituting the crime with the same clarity as an indictment; it must state the offense and the act constituting the offense." (*People* v. *Grogan*, 260 N. Y. 138, 142.)

The information against appellant charged that he operated an automobile " in a manner which endangered the safety of two air raid wardens, by failing to stop when ordered so to do, during blackout." Obviously this information fails to charge any of the three crimes known as reckless driving. It fails to set forth acts constituting such offense. The prudent operation of an automobile often brings danger to pedestrians and others but it is only when the operation *unreasonably* interferes with the use of the highway or *unreasonably* endangers users or is in *reckless* disregard of consequences that the crime is committed. It was apparently attempted here to charge appellant with the second of the three crimes known as reckless driving enumerated above. Even if it be assumed that the two air raid wardens were users of the public highway the information is fatally defective in that it failed to charge that appellant endangered them *unreasonably*. (*People* v. *Higgins*, 165 Misc. 503.) It merely recites that appellant failed to stop when ordered so to do during a blackout. It does not charge that he operated the automobile at a rapid and dangerous rate of speed, or that he recklessly bore down upon the wardens or that he committed any other act which constitutes reckless driving.

On the date recited in the information, June 11, 1942, failure to stop when ordered so to do by an air raid warden constituted no offense whatever against the laws of the State of New York. Pursuant to the New York State War Emergency Act (Laws of 1942, chap. 544) the New York State Director of Civilian Protection promulgated Regulations No. 4, effective June 17, 1942, regulating vehicular and pedestrian traffic during air raids and blackouts. Under subdivision 2 of section 101 of the act a person violating a regulation relating to the movement of vehicular traffic during a blackout is guilty of an infraction, which is an offense below the grade of misdemeanor, and is not a crime. Such an infraction may be punished by a fine of not more than twenty-five dollars or by five days in jail or by both (§ 102). It is only when a person wilfully and intentionally violates or disobeys an official order by a duly authorized person concerning the movement and cessation of vehicular traffic during a blackout that the offense is a misdemeanor (§ 101, subd. 3).

It was stated upon the argument of this appeal that feeling against appellant was high in the community on account of his alleged actions and attitude during the blackout. It is particularly important at this critical period that hysteria be avoided, and that neither law-enforcement officers nor the courts yield to clamor. It is a timely demonstration of democracy in action that the

Supreme Court of the United States is meeting today for the purpose of determining whether access to the civil courts may be denied even to enemy alien saboteurs. (*Ex parte Quirin*, 317 U. S. 1.)

It may be that appellant drove his automobile in a manner which unreasonably interfered with the free and proper use of the public highway or in a manner which unreasonably endangered users of the public highway or with reckless disregard of the consequences. If he did he should be put to trial upon an information stating the offense and the act constituting the offense.

Appellant by his plea of guilty admitted only the acts charged in the information, and, although those acts were not a crime, he has been subjected to a substantial fine and has been deprived of the right to operate an automobile. He may not suffer such penalty except under due process of law.

The judgment is reversed, not because of any technical defect in the proceeding, but because the fundamental rights of the appellant have been violated.