THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALVIN SPEARS, Defendant.

City Court of New Rochelle, May 16, 1952.

*Sol Rubin* for defendant.

*Aaron Simmons, Corporation Counsel* (*John A. Bodmer* of counsel), for John Meehan, complainant.

MURPHY, J. The defendant is charged with violation of subdivision 5 of section 70 of the Vehicle and Traffic Law, operating an automobile while in an intoxicated condition. It appears that shortly after his arrest he was given an examination at police headquarters through the use of a drunkometer machine to determine the amount of alcohol, if any, in the defendant's blood. Through counsel, he now moves to suppress all evidence obtained by the use of such test.

I must acknowledge the very great help I have received from counsel for the defendant and counsel for the prosecution in arriving at my decision on this application. Voluminous briefs have been filed by both attorneys covering decisions in many of our courts. In addition, the court has made its own research.

It is the position of the defendant that in submitting to the test and then having the result of that test used as evidence on the trial, defendant is giving compulsory testimony against himself and that this violates the defendant's constitutional rights. The prosecution contends that the test was an examination of defendant physically and that others will testify as to the result of that examination.

The statute in question provides that on the trial of such a proceeding " the court may admit evidence of the amount of alcohol in the defendant's blood taken within two hours of the time of the arrest, as shown by a medical or chemical analysis of his breath, blood, urine or saliva." The statute then provides that evidence that there was .05% or less by weight of alcohol in his blood is prima facie evidence that the defendant was not in an intoxicated condition; evidence of more than that but less that .15% by weight of alcohol is relevant but not prima facie; evidence of the presence of .15% or more may be admitted as prima facie evidence that defendant was in an intoxicated condition.

It will be noted that this is a statute enacted by the Legislature of this State. This is not a rule of procedure adopted by the police department. In many of the cases where evidence has been suppressed in other States, there was a physical assault upon the defendant in procuring the evidence. See *Rochin* v. *California* (342 U. S. 165) where defendant had swallowed morphine tablets when the police officers entered his room. He was arrested and taken to a hospital where they were removed from his stomach with a stomach pump. This sort of treatment was condemned by the United States Supreme Court.

The Court of Appeals in this State in *People* v. *Strollo* (191 N. Y. 42, 61) held that a narrow and strained construction of the

Constitution would result if it were held that a defendant could not be physically searched and examined.

In the present case, the court is advised defendant simply exhaled into a tube or opening in the machine. That machine made various recordings which the statute says may be admitted as evidence. It has always been held that testimony may be received as to the odor of defendant's breath, the condition of his eyes, his gait in walking, etc. The defendant is not compelled by statute to breathe. That is a compulsion of nature. In this test he breathed into a machine. The result of that test is permitted to be received in evidence under the statute. He is still presumed to be innocent until actually and finally declared guilty, if ever, on all the evidence. This is simply a rule of evidence with which we are dealing.

This court is anxious to protect and safeguard the constitutional rights of every defendant, no matter what crime may be charged against him. These matters cannot be approached in a blindly worshipful spirit, fearful of some rule of evidence to the disadvantage of a defendant. If the rule is a proper one, no defendant can complain. Evidence of a physical fact cannot be detrimental to a defendant except insofar as truth may be detrimental and may be avoided to help a guilty defendant escape.

The results of this test do not, under the statute, declare the guilt or innocence of a defendant. The law simply states such results may be received in evidence. The guilt or innocence of a defendant is still a question to be determined on all the evidence. In cases such as this, the public welfare has a deep interest and concern. The defendant has a like concern. If there is evidence available that will determine the issue and that evidence is legally admissible, this court is anxious that it be produced whether it is to help the prosecution or the defense.

The motion to suppress such evidence is denied.