Richard J. Sherman, J.
The defendant sets forth: Point I — The information does not state facts sufficient to constitute the crime charged. Point II — The evidence was not sufficient as a matter of law to constitute a “ prima facie ” case against the defendant. Point III — The evidence was insufficient as a matter of law to prove the charges against the defendant beyond a reasonable doubt. Point IV — That the people were permitted to make prejudicial and incompetent statements in *190 its opening address to the jury and were further permitted, to make opening statements on the law and that furthermore said opening statements on the law were incompetent and prejudicial and incorrect. Point V — That the people and the prosecution witness were permitted to make prejudicial, irrelevant, immaterial and incompetent statements throughout the course of the trial and its closing statements to the jury. Point VI — That in the prosecution of this case the court permitted the prosecution at various and frequent stages throughout the trial irrelevant, incompetent, immaterial and prejudicial questions to be asked the witnesses of the defendant. Point VTI — The minutes of the testimony taken by the trial justice are insufficient for the purposes of this appeal. Point VIII — That the defendant was improperly sentenced. Point IX — That at the time the sentence was imposed upon the defendant the court had no jurisdiction over the defendant for the purpose of imposing sentence or for any other purpose.
The testimony consists of some 167 pages. It was taken on a tape recorder and subsequently typed. As it so happens in many cases of this type, the record is replete with errors of commission and omission on the part of both the appellant and the respondent. However, the errors are not of sufficient weight to permit this court to set aside the findings of the jury as to Points II, III, IV, V, VI, and VII.
As to Point I the information charges that the defendant ‘ ‘ Did commit the crime of driving while intoxicated in violation of Article 5 Section 70 Subdivision 5 of the Vehicle and Traffic Law of the State of New York by feloniously, wrongfully, unlawfully, wilfully, corruptly, falsely, maliciously, and knowingly did operate a motor vehicle on the public highway, to-wit: A 1951 Buick sedan bearing New York registration No. 4F 1621 while in an intoxicated condition. The undersigned accompanied by Trooper J. W. McCarthy, first noticed the defendant driving south on Route 9 and weaving back and forth across the highway. Upon stopping the defendant it was apparent that he was unable to stand or walk properly, his eyes were watery and he displayed a heavy odor of alcohol on his breath.”
This court finds that the information states sufficient facts to constitute the crime charged. The information does not have to state that the defendant was intoxicated to such a degree and extent that his ability to operate an automobile safely was thereby lessened and his judgment thereby impaired, as argued by the respondent. This argument is for the jury.
The sole question on this point is whether or not the information was sufficient to enable the defendant to prepare for trial *191 or to enable the jury to render an intelligible verdict or to furnish a bar to a subsequent conviction. An information charging the commission of a misdemeanor must set out the acts constituting the crime with the same clarity, particularity and exactness as an indictment. It must state the offense. It must be sufficient to inform the defendant of the nature of the charge against him and of the act constituting it, both to enable him to prepare for trial and to prevent him from being again tried for the same offense. It must meet these tests of sufficiency standing alone. (People v. Grogan, 260 N. Y. 138; People v. Zambounis, 251 N. Y. 94; People v. Patrick, 175 Misc. 997.)
Subdivision 5 of section 70 of article 5 of the Vehicle and Traffic Law recites: " Operating motor vehicle or motor cycle while in an intoxicated condition. Whoever operates a motor vehicle or motor cycle while in an intoxicated condition shall be guilty of a misdemeanor.”
Nowhere has the appellant pointed out any requirement to be set forth other than allegations contained in said information. The information is clear and concise and seems to meet the necessary requisites.
Neither is the court impressed by appellant’s argument that his motion to dismiss should have been granted because the blood specimen only showed an ethyl alcohol concentration of 0.11%.
The statute states: ‘ ‘ Upon the trial of any action or proceeding arising out of acts alleged to have been committed by any person arrested for operating a motor vehicle or motor cycle while in an intoxicated condition, the court may admit evidence of the amount of alcohol in the defendant’s blood within two hours of the time of the arrest, as shown by a medical or chemical analysis of his breath, blood, urine, or saliva. For the purposes of this section (a) evidence that there was, at the time, five-hundredths of one per centum, or less, by weight of alcohol in his blood, is prima facie evidence that the defendant was not in an intoxicated condition; (b) evidence that there was, at the time, more than five-hundredths of one per centum and less than fifteen-hundredths of one per centum by weight of alcohol in his blood is relevant evidence, but it is not to be given prima facie effect in indicating whether or not the defendant was in an intoxicated condition; (c) evidence that there was, at the time, fifteen-hundredths of one per centum, or more, by weight of alcohol in his blood, may be admitted as prima facie evidence that the defendant was in an intoxicated condition.” (Italics added.)
*192 The statement showing 0.11 ethyl alcohol concentration was properly admitted in evidence, it appearing that the provision of law with respect thereto had been properly met in all particulars. (People v. Coppock, 206 Misc. 89; People v. Spears, 201 Misc. 666; People v. Kovacik, 205 Misc. 275.)
The word “ relevant ” has been applied by the appellant in arguing this point; e.g., on page 4 of appellant’s brief and elsewhere in the testimony, the appellant argues: “ This section states that the aforesaid percentage of alcoholic concentration in the blood was relevant evidence that the defendant was in an intoxicated condition. ’ ’ This statement is true, but appellant is wrong in his conclusion that such ‘ ‘ relevant ’ ’ evidence cannot be submitted to the jury. “ Relevant ” means it applies to the matter in question. Fact is relevant to another fact, when, according to common course of events, existence of one taken alone or in connection with the other fact renders the existence of the other certain or more probable. (Black’s Law Dictionary.)
It was pertinent to the issue, taking other facts into consideration, and the jury had the right to pass upon this question in connection with all other facts.
Points VIII and IX deal with the sentencing of the defendant, in that the court had no jurisdiction of the defendant at the time of sentence, and that defendant was improperly sentenced. In effect, the learned court fixed the time of sentence as of some two days after the trial had been completed. This objection is taken care of by section 472 of the Code of Criminal Procedure, which states that the time for pronouncing judgment must be at least two days after the verdict, unless waived by the defendant. For the purpose of sentence, this court was a continuing court.
The appellate court is now, however, concerned with a question which it deems to be of the greatest importance.
On page 44 of the testimony there appears the following on the direct examination of Trooper Versage who was trying the case for the prosecution:
“ I have a copy of the Physical Conditions Report, New York State Physical Conditions Report I made out at the hospital that night. It has several questions on it. It goes on to state the defendant’s condition that night, as far as I can see as I wrote it, I filled it out. There are several questions, Are you ill? It says No, which is what the defendant answered to me.”
The paper was offered in evidence, and over the objection of the defendant’s attorney, the court directed that it be read to the jury. Subsequent testimony showed that the paper had *193 been shown to the defendant and that he had refused to sign it. It was read to the jury and during the cross-examination of Trooper Versage, it was received in evidence, and with the consent of the defendant.
The physical conditions report is herewith set out in detail:
“ NEW YORK STATE POLICE
Physical Condition Report
Name PULLMAN_UUY_
Last Middle First
Address 15 Lower Wright St._
Hudson Falls, N. Y.
Check words describing condition
1. ABILITY TO WALK:
□ Falling |X | Staggering □ Unable to walk
□ Moving in circles □ Swaying □ On hands and knees □ Normal □ Sagging
2. ABILITY TO STAND:
□ Rigid □ Sagging knees |X| Wobbling □ Normal
□ Swaying □ Unable to stand □ Falling
3. SPEECH:
□ Normal □ Whispering □ Slobbering
□ Boisterous □ Hoarse □ Whining |X| Shouting
□ Incoherent □ Crying |X| Confused
4. BREATH:
Odor of Alcohol:
□ None □ Faint |X| Strong
5. TREMOR OF HANDS:
|X| Noticeable □ Pronounced □ Normal
6. CONDITION OF HAIR:
□ Disheveled |X| Normal □ Mussed □ Matted
7. CONDITION OF EYES:
□ Normal □ Bloodshot |X| Watery
8. COLOR OF FACE:
□ Flushed □ Pale |X| Normal
*194 9. CONDITION OF CLOTHES:
|X| Orderly □ Mussed □ Soiled □ Partly dressed
10. ATTITUDE:
|X| Co-operative |X| Insulting □ Hilarious
□ Combative □ Antagonistic □ Insolent
□ Stuporous □ Normal
11. ACTIONS:
□ Wild □ Belching □ Thumbing nose □ Kicking
|X | Normal □ Punching □ Hiccoughing □ Waving
arms □ Vomiting □ Sleepy
12. DIRECT QUESTIONS:
Are you ill? No Did you go to a doctor or dentist today? No Have you diabetes? No Have you been drinking? No Are you injured? No What? How much ?_ ' _
Signature Of Subject____
Liquor on subjects person? No
In car? No Date of examination 10/28/55
Time 12:45 a.m. Place Town of Moreau
Arresting Name V. P. VERSACE
Officer Rank Trooper Troop C ”
It is to be noted that questions 1 to 11 relate to observations by the trooper. Question 12 relates to questions asked of the defendant. Trooper Ver sage had already testified to many of the observations made, but there were some observations by the trooper that did not appear in his direct testimony.
. This court wonders about the impact upon the jury of such a self-serving declaration. Did it have the same effect upon the jury as it did upon this court? Would the jury reach the conclusion that the testimony of the trooper must in fact be truthful because he wrote down his observations within a short time after the arrest of the defendant? It could have been used to refresh the recollection of the trooper or it might have been used in the nature of a sobriety test if one were given and a proper foundation laid for its use.
The unsigned declaration is of no value, and I even question its value if it had been signed by the defendant. If he read *195 it and fully understood it, and then appended his signature, it might possibly go a long way to prove he was not intoxicated.
As has been said there were observations contained in the exhibit and questions asked and answered that were not testified to upon the direct examination. The observations were not the observations of the defendant, it being unsigned. It had no place in the trial. A sobriety test, had it been given, might have been admissible.
This was a long, difficult and trying case. The court and all interested parties are to be commended for their zealousness. All of us are concerned about the operation of motor vehicles by intoxicated drivers. No longer should the traveling public be exposed to these potential killers. Every effort should be made to eliminate inebriated operators and to punish them for violations of law, but it must be done in a proper and legal manner.
In view of the question raised by the physical conditions report, this court has no other recourse, in fairness to all concerned, except to reverse the judgment of conviction and order a new trial in the Court of Special Sessions as provided in section 543 of the Code of Criminal Procedure, the date for such trial to be fixed within 30 days after the entry of the order herein.
In the retrial of this case, particular attention should be given to the proper procedure to be followed. When the evidence is concluded, defendant or his counsel must commence and the counsel for the People conclude the argument to the jury. See section 388 of the Code of Criminal Procedure.
Submit order.