Francis J. Clohessy, J.
Upon his plea of guilty defendant was convicted of reckless driving in violation of section 58 of the Vehicle and Traffic Law in a Court of Special Sessions held in the town of Spencer on July 25, 1956. The court imposed a fine of $5 which was paid. From such judgment defendant has taken this appeal.
Defendant appeared in answer to a summons issued upon an information without supporting deposition. Because the court could gain jurisdiction only through a sufficient information (People v. Taylor, 159 Misc. 536; People ex rel. Livingston v. Wyatt, 186 N. Y. 383), the contention of defendant that the information is insufficient commands first attention.
Incidental to a prosecution for reckless driving is the basic rule that the acts and omissions constituting such crime must be specifically charged in the information with clarity and exactness (People v. Grogan, 260 N. Y. 138; People v. Zambounis, 251 N. Y. 94).
*293 The information under consideration reads as follows:
“ That one Edward Wojcinski on the 25th day of July, 1956, at the Swamp St. corner, in the Village of Spencer, County of Tioga, N. Y., at about 8.00. o ’clock in the afternoon of said day, did commit the crime of Reckless Driving Violation Sec. 58 of the V & T Law against the person of Richard Whitmarsh by * * * feloniously, wrongfully, unlawfully, wilfully, corruptly, falsely, maliciously, and knowingly
‘1 By driving a 1947 Chevrolet in such manner as to endanger the use of the Public Highway and interfere with the free and proper use of such Public Highway, by raceing with another car operated by James R. Benjamin (car registration T.X. 7072) ”.
To break down such information is to expose its insufficiency. The allegation “ as to endanger the use of the Public Highway and interfere with the free and proper use of such Public Highway ” is an opinion and conclusion. It tends to follow some of the words contained in the statute. The application may be to a lawful as well as to an unlawful act.
There is missing the qualifying term “ unreasonably ” which represents the criminal element and ingredient and brings the act within the purview of the statute. Section 58 specifically requires “ unreasonably interferes ” or “ unreasonably endangers ”. Without such term the allegation does not qualify for a charge of reckless driving (People v. Sas, 172 Misc. 845).
The allegation 1 ‘ By driving a 1947 Chevrolet in such manner * * * by raceing with another car * * * ” is also an opinion and conclusion. No facts are alleged to describe and explain the naked expression “raceing”. What one person may consider to be racing may not be such to other persons. Races by motor vehicles on public highways may be lawful under certain circumstances.
Facts, as distinguished from conclusions and opinions, sufficient to constitute a charge of reckless driving, are not to be found in the information. There is no statement showing the manner in which defendant unreasonably interfered with the free and proper use or endangered users of the public highway.
In other words, the information does not point to the acts that caused the alleged interference or danger. There are no allegations as to the position of the cars, the rate of speed, the manner of operation, the conditions then existing, the time and place of operation, the persons who were or the property that was endangered or interfered with, the name of the public highway involved, and other material facts. Without such facts the information is clearly insufficient.
*294 A plea of guilty is limited to and admits only the acts charged in the information. Where the information, by reason of the absence of facts and acts, charges no crime, then such plea confesses no crime and will not prevent the defendant from raising for the first time on appeal the objection that the information is insufficient (People v. Fuchs, 71 Misc. 69; People v. Moore, 178 Misc. 750; Matter of Shea v. Valentine, 249 App. Div. 556).
In this case defendant pleaded guilty to the crime of reckless driving. Such crime was not embraced within the allegations of the information. Inasmuch as defendant pleaded guilty to a crime not sufficiently charged, the court was without jurisdiction to accept the plea and impose a valid sentence.
When the fact appears that the conviction and sentence are illegal, it is the plain duty of this court to satisfy the requirements of justice by reversing the judgment and relieving the defendant from the penalty imposed thereunder (Sherwin v. People, 100 N. Y. 351).
It follows, therefore, that the judgment of conviction appealed from should be reversed and the fine of the defendant remitted.
Judgment reversed and fine remitted.