Louis G. Bruhn, J.
This is an appeal by the defendant from a judgment of conviction rendered on July 20, 1960 by the Hon. Arthur A. Beilly, Justice of the Peace of the Town of Ulster, without a jury, for a violation of section 58 of the Vehicle and Traffic Law of the State of New York.
Beversal is sought on the basis that the instant information is fatally defective in that it fails to allege that the defendant was driving his vehicle “in a manner which unreasonable [sic] interferes with the free and proper use of the public highway or unreasonably endangers users of the public highway.”
This court is aware of the fact that a long series of cases holds that the absence of such an allegation renders an information fatally defective. (People v. Higgins, 165 Misc. 503; People v. Davis, 9 N. Y. S. 2d 620, 621; People v. Sas, 172 Misc. 845; People v. Moore, 178 Misc. 750; People v. Wojcinski, 5 Misc 2d 292.)
The recent ease of People v. Armlin (7 A D 2d 942) at page 942 reaffirmed such position when the court said: “ The omission to plead, in either instance, the essential constituent of unreasonableness seems to us fatal.”
The court, at page 943, further stated: “ A left turn, without warning, in the path of an approaching car may be negligent or not, depending on the other factors involved; and, of course, neither high speed nor the mere occurrence of a collision constitutes reckless driving, in and of itself. Even if the element of unreasonableness might be inferred from these additional allegations, the indictment would not thereby be validated. ’ ’
In People v. Armlin (6 N Y 2d 231) the Court of Appeals reversed the Appellate Division and at page 232 quoted that court as saying: ‘1 Thus the indictment departed from the language of the statute in several respects, the most important being the failure to allege that the manner of the defendant’s driving ‘ unreasonably ’ interfered with the free ‘ and proper ’ use of the public highway or ‘ unreasonably ’ endangered users thereof.”
The Court of Appeals then went on to say: ‘ ‘ Although * unreasonableness ’ is a necessary constituent of the crime, we think as did Justice Bergau at the Appellate Division, that the *71 indictment pleads sufficient facts from which the characterization may be inferred that defendant’s operation of this automobile ‘ unreasonably ’ interfered with the free and proper use of the highway, and 1 unreasonably ’ endangered users thereof.”
Therefore, even though the instant information lacks the specific allegation of the statute, it does plead sufficient facts from which such conclusions may be drawn.
The Armlin case (supra) at page 233 went on to say:
‘ ‘ Where the facts constituting the crime charged are spelled out with as great particularity as has been done here, it seems to us that the conduct described could not have been other than ' unreasonable. For practical purposes, therefore, the unreasonableness of the manner of driving was expressed in the language of the indictment, and if respondent had any defense such as mechanical failure or sudden skidding he was obliged to offer evidence of it at the trial.” (Emphasis supplied.)
A reading of the facts charged in the instant information leads to the inescapable conclusion' that such conduct of the defendant was unreasonable and, for that reason, the information is insufficient.
The defendant, as a further alleged error, claims his guilt was not established beyond a reasonable doubt.
This court must disagree with such contention when the instant record is examined in the light of the Armlin case (supra) and in the light of section 764 of the Code of Criminal Procedure.
Therefore, for the reasons stated, the judgment of conviction is affirmed.