Harold E. Moore, Jr., J.
Defendant moves to dismiss the information herein for legal insufficiency. The information alleges that defendant took certain heifers with the intent to deprive the owner of their use. The information fails to state who the owner of the cattle is or under what circumstances they were taken.
In order to find this information insufficient in form, the court must determine that the allegations contained therein do not adequately inform the defendant of the nature of the charge against him, and the acts constituting the crime. (People v. Pullman, 3 Misc 2d 188; People v. Zambounis, 251 N. Y. 94; People v. Bertram, 302 N. Y. 526; People v. Grogan, 260 N. Y. 138; People v. Patrick, 175 Misc. 997). The failure to comply with these requirements cannot be remedied by the use of additional affidavits, the information must meet these tests standing alone (People v. Pullman, supra). This requirement is more than a technicality, it is a fundamental principle of justice and fair dealing, as well as a rule of law. In the instant case, the defendant could not tell whose property he had allegedly taken and certainly without this knowledge, he could not adequately prepare his defense. The information must be dismissed for failure to adequately inform the defendant of all the facts constituting the crime charged in the information.
The only question remaining before the court then is the effect of the dismissal. The information is the foundation of the court’s jurisdiction and where the information is insufficient in law, no jurisdiction is conferred upon the court. (Code Crim. Pro., § 144; People v. Sas, 172 Misc. 845; People ex rel. Brown v. Tighe, 146 App. Div. 491.)
It follows then that where no jurisdiction exists in the court, the defendant has not been placed in jeopardy. (People ex rel. Meyer v. Warden, 269 N. Y. 426). In the case at bar, the information is dismissed for legal insufficiency, so it is possible that defendant could be rearrested on a new information properly laid. (People v. Bates, 124 N. Y. S. 2d 315.) The Code of Criminal Procedure in section 340 thereof provides that a dis *441 missal upon an objection to form is not an acquittal on the merits; section 62 thereof makes this rule applicable to Courts of Special Sessions. Therefore, this is not a dismissal on the merits.
In accordance with the foregoing opinion, a dismissal, not on the merits, has been entered upon the court’s docket.