Roger Scott, J.
Defendant moves to dismiss the uniform traffic complaint No. 1407594 which accuses him of speeding on September 23, 1966, in violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law.
The basis of the motion is that the court has no jurisdiction over the defendant since a proper complaint has not been filed with the court alleging the commission of the offense by the defendant. The defendant was issued a summons which purportedly was a uniform traffic summons pursuant to section 147-e of the Code of Criminal Procedure. Section 147-e of the Code of Criminal Procedure provides that a simplified traffic information may be 'substantially in the form set forth in the section, or in a form prescribed by the Commissioner of Motor Vehicles pursuant to section 207 of the Vehicle and Traffic Law. The complaint obviously is not the same complaint set forth in section 147-e of the Code of Criminal Procedure, and must therefore be intended to be a form prescribed by the Commissioner of Motor Vehicles pursuant to section 207 of the Vehicle and Traffic Law. It is well established that the rules and regulations of a department head to be effective and enf orcible must be published. A review of the Official Computation of Codes, Rules and Regulations of the State of New York in volume 15(A) shows that the Commissioner has prescribed specifications and procedure applicable to uniform traffic tickets. Section 91.7 (15 NYCRR 91.7) of the Commissioner’s regulations provides that uniform traffic tickets must be in the form set forth in section 91.7 and that no variations from the format prescribed therein shall be permitted. Set forth following section 91.7 is the format prescribed. This court is particularly concerned with the format of the complaint set forth, since the complaint is the information in a traffic violation and the information is the foundation of a Magistrate’s jurisdiction. (People v. Bush, 140 Misc. 59; People v. Orzechowski, 4 Misc 2d 484; People v. Leiby, 184 Misc. 21.)
The rules concerning an information in a criminal matter also apply to a traffic offense. (People v. Orsechowski, supra.)
Where the information is defective, a Justice acquires no jurisdiction and there can be no conviction. (People v. Staples, 5 Misc 2d 619; People v. Wocinski, 5 Misc 2d 292.)
In this case it is noted that there is a considerable change in the complaint filed against the defendant and that set forth in *634 the Commissioner’s regulations. The wording has been changed and an additional section has been added. The added section is apparently intended to be an affidavit by the operator of the radar device stating that he observed the defendant by radar proceeding at the speed indicated in the information. There is also a line for the radar operator’s signature and the subscription has been changed to provide that the complaint is severally sworn to and subscribed before the person administering the oath. This apparently is intended to meet the requirement that an information based on information and belief must have the depositions of the witnesses attached prior to the arraignment of the defendant. (People v. Scott, 3 N Y 2d 148; People v. Bresee, 37 Misc 2d 516.)
However desirable from the standpoint of the State Police, the altered complaint does not meet the specifications set forth in the Commissioner’s regulations. Since section 147-e of the Code of Criminal Procedure provided an abbreviated method of issuing an information in a traffic offense, it must be strictly construed. In our times, a license to operate a motor vehicle is more a property right than it is a privilege, and the revocation of an operator’s license by reason of convictions for traffic offenses may substantially affect the defendant’s livelihood arid capacity to support his family.
It is, therefore, the opinion of this court that the complaint filed against the defendant does not conform to section 147-e of the Code of Criminal Procedure, and is not alternate form prescribed by the Commissioner of Motor Vehicles and is therefore insufficient to confer jurisdiction upon this court.
Defendant’s motion for dismissal is, in all respects, granted.