Roger Scott,
Police Justice. Defendant moves to dismiss the uniform traffic complaint No. 1395194 which accuses her of speeding on September 30, 1966, in violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law of the State of New York.
The basis of the motion is that the court has no jurisdiction over the defendant since a proper complaint has not been filed with the court alleging the commission of the offense by the defendant. The defendant was issued a summons which purportedly was a uniform traffic summons pursuant to section 147-e of the Code of Criminal Procedure. The arresting officer filed with the court what purported to be a complaint bearing the same number as the summons issued to the defendant. It is obvious from the complaint that all the information filled in on the complaint is a carbon transfer of the information filled in on the summons issued to the defendant, and that the signature of the arresting officer is also a carbon transfer of the signature of the arresting officer on the summons. The only part of the complaint that contains original notations is the verification by Zone Sergeant E. J. Maywalt on September 30, 1966. The court notes that the verification states “ Sworn to and subscribed before me. ” It is obvious that the complaint was not subscribed before the zone sergeant taking the acknowledg *899 ment unless the zone sergeant had accompanied the arresting officer when issuing the original summons to the defendant. The arresting officer when he gave the original summons to the defendant obviously signed that summons at the time that it was issued. Since his signature on the complaint is a carbon transfer of his signature on the summons, the complaint was not subscribed to before the zone sergeant taking the acknowledgment. Assuming the unlikely fact that the zone sergeant accompanied the arresting officer when he issued the summons to the defendant, the court is still concerned with the signature of the arresting officer.
Section 147-e of the Code of Criminal Procedure provides that a simplified traffic information may be substantially in the form set forth in that section, or in a form prescribed by the Commissioner of Motor Vehicles pursuant to section 207 of the Vehicle and Traffic Law. The complaint obviously is not the same complaint set forth in section 147-e of the Code of Criminal Procedure, and must therefore, be intended to be a form prescribed by the Commissioner of Motor Vehicles pursuant to section 207 of the Vehicle and Traffic Law. A review of the Official Compilation of Codes, Bules and Begulations of the State of New York as contained in volume 15, shows that the Commissioner has prescribed specifications and procedure applicable to uniform traffic tickets. Subdivision (a) of section 91.11 (15 NYCBB 91.11 [a]) of the Commissioner’s regulations provides : When an alleged traffic violator is issued a uniform traffic ticket — revised, the police officer shall sign part I of the packet and deliver same to the alleged violator, and shall swear to and sign part II before a person authorized to administer the necessary oath, and shall deliver parts II, III and IV to the court in which the alleged violator is notified to appear.” The Commissioner’s regulations clearly require the police officer to separately sign the summons, and separately sign the complaint before the person authorized to administer the necessary oath. In this case, it is obvious that the trooper’s signature is a carbon transfer of the signature of the arresting officer on the summons. It is impossible, therefore, that the arresting officer signed this complaint before a person authorized to administer the necessary oath as required by the Commissioner’s regulations. It is significant that the verification part of the complaint also requires that the complaint be subscribed before the person authorized to administer the necessary oath as afore-mentioned.
It is established that the complaint is the information in a traffic violation, and the information is the foundation of a *900 Magistrate’s jurisdiction. (People v. Bush, 140 Misc. 59; People v. Orzechowski, 4 Misc 2d 484; People v. Leiby, 184 Misc. 21.)
Where the information is defective, a Justice acquires no jurisdiction and there can he no conviction. (People v. Staples, 5 Misc 2d 619; People v. Wojeinski, 5 Misc 2d 292.)
The court is also concerned with the verification of the complaint by the Acting Sergeant of the New York State Police. Section 208 of the Vehicle and Traffic Law provides for verification by certain police officers of a complaint where a traffic summons has been served by a police officer. Section 208 sets forth two broad categories of police officers that are authorized to administer oaths. One broad category authorizes a Sheriff, Undersheriff, Chief Deputy, Deputy Sergeant or Deputy in charge of a road patrol maintained by a Sheriff. The other broad category authorizes a Chief, Deputy Chief, Captain, Lieutenant or Acting Lieutenant, or Sergeant or Acting Sergeant of a police department to administer all necessary oaths. The State Police is not a Sheriff’s department or a police department, but is a division of the Executive Department. (Executive Law, § 210.)
The State Police, prior to the enactment of section 210 of the Executive Law was a police department pursuant to sections 57 and 58 of the State Departments Law. The enactment of section 210 of the Executive Law transferred the State Police from a Police Department to a division of the Executive Department. Section 208 of the Vehicle and Traffic Law is obviously directed to a local police department or a local Sheriff’s department, and does not authorize members of the New York State Police to administer oaths to arresting officers issuing traffic summons. Section 224 of the Executive Law authorizes any major, captain, lieutenant or zone sergeant of the State Police assigned to the troop in which the service of the summons is reported to administer oaths to the arresting officers issuing a traffic summons. This section omits acting lieutenants and acting sergeants from the persons designated to administer oaths in section 208 of the Vehicle and Traffic Law. Since the verification of the defendant’s complaint is taken by an acting zone sergeant, who does not hold himself out to be a notary public, but expressly takes the acknowledgment as an acting zone sergeant, and further fails to state that he is assigned to the troop in which the service of the summons is reported, the verification is improper. This in itself would make the complaint jurisdictionally defective.
The complaint also contains a notation “ radar 66-1003-D-3 ”. This is obviously intended to inform the court and/or the defendant that the complaint is issued following a timing of the defendant’s automobile by a radar device. The procedure used *901 by the New York State Police in operation of a radar timing device requires two officers. One officer operates the radar device and notes the defendant’s speed as indicated on that device. This information is relayed to a second officer who is stationed further down the road in the direction of the automobile being timed. The second officer, on the basis of the information received by radio from the radar officer, stops the alleged violator and issues a summons. It is apparent that the second officer issuing the summons has no direct knowledge of the speed of the defendant, but bases his ticket on information and belief of the radar officer. To obtain a conviction for speeding, the proof must show two independent means of establishing the defendant’s speed. The observations of the arresting officer, although highly doubtful as to accuracy could be the basis of one independent means of establishing speed. The information received from the radar operator would be the second, and most important means of establishing the defendant’s speed. This second means of establishing speed is based upon information and belief. Where a complaint is based upon information and belief, depositions of the persons having direct knowledge must be attached to the complaint prior to the arraignment. The depositions cannot be added later. (People v. Bresee, 37 Misc 2d 516.)
Judge Donald H. Mead, then County Judge of Onondaga County, in a well-written unreported decision dated March 24, 1964, in People v. Delaney, ruled that the depositions of persons having direct knowledge must be attached to an information based upon information and belief prior to the arraignment of the defendant, and that the failure to attach the depositions prior to the arraignment was a jurisdictional defect which could not be cured by later attempts to attach the depositions, citing People v. James (4 N Y 2d 482) and the cases cited therein and People v. Scott (3 N Y 2d 148).
This requirement is recognized by the New York State Police by their adding to the complaint prescribed by the Commissioner of Motor Vehicles as set forth in the Commissioner’s regulations, section 91.7 (15 NYCRB 91.7), the following: “I observed by radar the vehicle described hereih proceeding at -m.p.h.” and providing also for the radar officer’s signature to the complaint. The jurat has been altered to provide that the complaint is “ severally sworn to and subscribed before me,” rather than merely sworn to as in the complaint set forth in the Commissioner’s regulations. In this particular case, the signature and notation of the radar officer was omitted, and the word “ severally ” was crossed off the jurat. This is, therefore, an information based upon information and belief of the arrest *902 ing officer, without the required depositions being attached, and is therefore jurisdietionally defective.
This court is mindful of the decision in People v. Bremmer (51 Misc 2d 632) dated October 4, 1966, holding that the complaints used by the New York State Police are insufficient as a matter of law and do not confer jurisdiction upon a Magistrates’ Court. The attempt to alter the complaint prescribed by the Commissioner of Motor Vehicles is obviously an attempt by the New York State Police to comply with the requirement that a deposition be attached to the complaint when the complaint is based upon the direct knowledge of the radar officer who does not issue or sign the complaint. However desirable the result may be in adding this information to the complaint, it does not relieve the New York State Police from the obligation of obtaining approval by the Commissioner of Motor Vehicles for the form so devised.
It is, therefore, the opinion of this court, for the above reasons, that the complaint does not confer jurisdiction upon this court, and the defendant’s motion for dismissal is, in all respects, granted.