THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS J. SIMMONS, Defendant.

Court of Special Sessions, Town of Elbridge, Onondaga County,
November 11, 1966.

*James J. Maio* for defendant. *Francis Moran, District Attorney* (*Leo Hayes* of counsel), for plaintiff.

ROGER SCOTT, J. Defendant moves to dismiss the uniform traffic complaint number 1558359 which accuses him of speeding on October 10, 1966 in violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law.

The first basis of this motion is that the court has no jurisdiction over the defendant since a proper complaint has not been filed with the court alleging the commission of the offense by the defendant (*People* v. *Bremner,* 51 Misc 2d 632). The People argue that the approval of the complaint by the Commissioner of Motor Vehicles, as required by section 147-e of the Code of Criminal Procedure pursuant to section 207 of the Vehicle and Traffic Law, is not the type of rule or regulation which is required to be filed (*People* v. *Fogerty,* 18 N Y 2d 664). The defendant claims that the approval must be filed (*People* v. *Cull,* 10 N Y 2d 123).

In the *Fogerty* case, the Court of Appeals stated that police rules for the taking of blood tests are not the kind of rules which govern the conduct of and impose burdens on the People such as should be filed pursuant to section 8 of article IV of the State Constitution. In the *Cull* case the Court of Appeals stated that an order of the State Traffic Commission establishing a speed limit amounted to a rule or regulation which was required to be filed. It is noted that, although the Court of Appeals in the *Fogerty* case did not require the filing of the rules governing the tests, that decision did not dispense with, but actually affirmed the ruling in the case of *People* v. *McFarren* (28 Misc 2d 320), which required that, on a trial of a charge under section 1192 of the Vehicle and Traffic Law, there had to be established that there were rules and regulations in existence in the particular police department for the administration of chemical tests and it had to be further shown on the trial that such tests had been given in accordance with such rules and regulations and that they satisfied recognized scientific and medical standards. Although this court agrees with Judge VAN VOORHIS in his dissenting opinion in the *Fogerty* case, it is nevertheless bound by the ruling of the majority in that case. The ruling of the majority does not, however, affect the decision in the *Bremner* case. The decision in the *Bremner* case was based upon the failure to file and have approved by the Commissioner of Motor

Vehicles the uniform traffic summons and complaint purportedly issued pursuant to section 147-e of the Code of Criminal Procedure. The authority for such approval is contained in section 207 of the Vehicle and Traffic Law. Section 207 of the Vehicle and Traffic Law gives the Commissioner the power from time to time to adopt such rules and regulations as may be necessary to accomplish the purposes and enforce the provisions of that section, and he is authorized to prescribe the form of a summons and complaint after he shall have solicited the view of police and local law-enforcement agencies and conducted such conferences or hearings as should be appropriate. The only conclusion that can be reached from a reading of section 207 of the Vehicle and Traffic Law is that the form of a summons and complaint and the rules and regulations promulgated pursuant to that section are not analogous to departmental regulations as mentioned in the *Fogerty* case, but do impose burdens on the public and establish a general course of operation to be effective for the future as mentioned in the *Cull* case. It is therefore the opinion of this court that the form of a uniform traffic ticket and complaint, other than that form prescribed by section 147-e of the Code of Criminal Procedure, must be approved and prescribed by the Commissioner of Motor Vehicles, and cannot be effective until it is filed in the office of the Department of State pursuant to section 8 of article IV of the New York State Constitution.

The court also notes that the defendant was charged with a violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law of the State of New York. Section 1180 was amended by chapter 950 of the Laws of 1966, effective October 1, 1966. The complaint charges the defendant with a violation which occurred on October 10, 1966, after the effective date of the revised section 1180. The revised section 1180 does not contain a paragraph 3 of subdivision (b), and this charge obviously relates to the prior section 1180. The complaint therefore fails to charge the defendant with a crime or offense.

It is therefore the opinion of this court that the complaint filed against the defendant does not conform to section 147-e of the Code of Criminal Procedure, and is not an alternate form prescribed by the Commissioner of Motor Vehicles, and is therefore insufficient to confer jurisdiction upon this court; and, furthermore, fails to charge the defendant with a crime or offense specified in the Vehicle and Traffic Law of the State of New York, and the defendant's motion for dismissal is, in all respects, granted.