Thaddeus J. Piusienski, J.
The defendant was charged with driving while intoxicated in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law. The offense allegedly occurred on the 26th day of January, 1968 within the jurisdiction of this court.
By notice of motion dated February 15, 1968, the defendant moved for an order declaring that a chemical test of his urine taken subsequent to his arrest is illegal and void and suppressing the results of the test as evidence. The basis for the motion is that the Police Department of the Village of Depew, a member of which arrested the defendant and supervised the administration of the test, had failed to establish rules and regulations for the administration of the test.
At the hearing on this motion, it was conceded that no written rules or regulations concerning the administration of such a test exist within the Police Department of the Village of Depew. There was testimony that the department has a general scheme for the handling of chemical tests and that the members of the department function similarly in the administration of tests.
In the opinion of this court, it is unnecessary to decide whether the general scheme referred to is a rule or regulation for the administration of the test.
Section 1194 of the Vehicle and Traffic Law provides for the administration of a chemical test of one believed to have been driving in an intoxicated condition. The section requires that the test be “ administered at the direction of a police officer *1022 * * * and in accordance with the rules and regulations established by the police force of which he is a member. ”
If the general scheme and understanding of the members of the Depew police force are not rules and regulations, the test could not have been administered pursuant to rules and regulations. Absent rules and regulations, the result of the test is inadmissible as a matter of law and must be suppressed. (People v. McFarren, 28 Misc 2d 320. See, also, People v. Fogerty, 18 N Y 2d 664, and the implied affirmance opinion of Police Justice Roger Scott in People v. Simmons, 52 Misc 2d 235.)
More importantly, however, this court believes that, in any event, the rules or regulations referred to in section 1194 of the Vehicle and Traffic Law must be in writing. Section 188-e of the Village Law provides for the administration of the police department and provides: “ The board of trustees or municipal board acting as police commissioners of any such village, may make, adopt and enforce rules, orders and regulations for the government, discipline, administration and disposition of the police department of such village, and the members thereof. Any such rules and regulations or any amendment thereto shall be in written form and a copy of the same distributed to each member of the police department and posted in a conspicuous place in the police headquarters. (Emphasis supplied.)
This court is of the opinion that the rules and regulations for the administration of a chemical test to determine alcoholic content are rules and regulations for the administration of the department and that, under the mandatory language of section 188-e of the Village Law, must be in writing.
The result of the chemical test of the defendant’s urine is suppressed.