Francis J. Donovan, J.
This motion poses the question: Is an information filed after summary arrest for a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law sufficient on its face, if it is in the form prescribed by section 147-e of the Code of Criminal Procedure, or, to state it conversely, is such an information insufficient because it fails to meet the tests provided by the Court of Appeals in People v. Jeffries (19 N Y 2d 564) and People v. James (4 N Y 2d 482).
*735 A resolution of this problem involves a close consideration of the language of section 147-e of the Code of Criminal Procedure and the decisions of the Court of Appeals in People v. Boback (23 N Y 2d 189) and People v. Scott (3 N Y 2d 148). The code provides “ a simplified traffic information shall be signed by a peace officer and may be substantially in the following form, or in a form prescribed by the commissioner of motor vehicles ’’.
Literally the section may be construed as providing for two permissible forms, the first in the language prescribed by the statute and the second, the form prescribed by the Commissioner.
In People v. Scott (supra) the court considered the adequacy of a uniform traffic ticket prescribed by the Bureau of Motor Vehicles pursuant to section 74 (now § 207) of the Vehicle and Traffic Law. The court pointed out that no uniform complaint had been prescribed at that time. By a divided court, it was held that jurisdiction was not acquired even though a defendant appeared personally and pleaded guilty to a violation of driving while intoxicated on a uniform traffic ticket. The dissent noted that, at common law, a misdemeanor information was not required to be sworn. The majority opinion emphasized the necessity of requiring a verified information.
In People v. Boback (supra) the court considered the constitutionality of the procedure where the simplified traffic information was used in combination with the uniform traffic ticket. In Boback, the court held that the requirement of facts under oath in an information as prescribed in Jeffries and James was not a constitutional requirement. The court stated (p. 195) " People v. James rested on ‘ policy ’ not the dictates of the Constitution ’ ’. From there the court went on to hold that the Legislature had the power to do what it has done in prescribing the simplified traffic information procedure.
In the present case — as contrasted with Scott — there is an information and it has been verified. Since no constitutional question is involved, the information is sufficient if it is in the form authorized by the Legislature.
It is the court’s opinion that there are two permissible forms, neither of which is exclusive of the other, namely, the form set forth in section 147-e and the form prescribed by the Commissioner of Motor Vehicles. (Cf. People v. Bremner, 51 Misc 2d 632 ; People v. Simmons, 52 Misc 2d 235.)
The motion to dismiss for insufficiency of the information is denied.