Hon. Joseph Jaffe District Attorney, Sullivan County
This is in response to your letter of April 11, 1978, wherein you pose several questions pertaining to the administration of criminal justice in the Justice Courts in various towns and villages within Sullivan County.
Your first question asks if a magistrate, with no district attorney or assistant district attorney present, may accept a plea on a violation of Vehicle and Traffic Law, § 1180(b), to a lower rate of speed than that indicated on the U.T.T. without the prior approval of a member of the district attorney's staff.
A U.T.T. issued as a result of a violation of Vehicle and Traffic Law, § 1180 (b), does not fulfill the function of an information (People
v. Scott, 3 N.Y.2d 148 [1957]). The information is the foundation of the Magistrate's jurisdiction (People v. Crouch, 51 Misc.2d 898 [1966]).
Criminal Procedure Law, § 340.20, provides in part as follows:
 "1. Except as provided in subdivisions two and three, the provisions of article two hundred twenty, governing the kinds of pleas to indictments which may be entered and related matters, are, to the extent that they can be so applied, applicable to pleas to informations, and changes of pleas thereto, in local criminal courts.
 "2. A plea to an information, other than one against a corporation, must be entered in the following manner:
 "(a) Subject to the provisions of paragraph (b), a plea to an information must be entered orally by the defendant in person unless the court permits entry thereof by counsel upon the filing by him of a written and subscribed statement by the defendant declaring that he waives his right to plead to the information in person and authorizing his attorney to enter a plea on his behalf as set forth in the authorization.
 "(b) If the only offense or offenses charged are traffic infractions, the procedure provided in sections eighteen hundred five, eighteen hundred six and eighteen hundred seven of the vehicle and traffic law, relating to pleas in such cases, is when appropriate, applicable and controlling."
The thrust of Criminal Procedure Law, § 220.10(4) and (5) relating to pleas to anything less than the total charge or charges is that the permission of the court and the consent of the district attorney is required.
Vehicle and Traffic Law, § 1805, describes the procedure whereby an individual charged with a traffic infraction who has not committed a third or subsequent speeding violation within a period of eighteen months, may plead guilty to the offense as charged by submitting the "record of conviction" stub of the defendant's operator's or chauffeur's license, together with a properly completed application. Vehicle and Traffic Law, § 1806, authorizes an individual charged with a traffic infraction to plead not guilty by mail. Vehicle and Traffic Law, §1807(1), provides that before accepting a plea, or in the case of a defendant who has previously pleaded not guilty, as provided in section 1806, supra, the local criminal court, upon the arraignment in this State of a resident of this State charged with a violation of the Vehicle and Traffic Law, or any other law or ordinance relating to the operation of motor vehicles or motorcycles, must inform the individual of the consequences of such a course of action. Vehicle and Traffic Law, §1807(2), describes the procedure for arraigning any person under eighteen years of age who resides within the household of his parent or guardian on a charge of a violation of the Vehicle and Traffic Law, or any other law or ordinance relating to the operation of motor vehicles or motorcycles, except a violation relating to parking, stopping, or standing.
There is no provision relating to pleas to a lesser charge in the above-cited sections of the Vehicle and Traffic Law. However, in 1974 Atty Gen [Inf Opns] 166, we concluded that a police officer or his superior may prosecute minor offenses in local criminal courts. Thus, in the absence of a district attorney or an assistant district attorney, a police officer or his superior would be authorized to prosecute violations of Vehicle and Traffic Law, § 1180. Any plea to a lower rate of speed, however, would require the consent of the prosecuting police officer.
In your second question, you ask whether there is any authority for the district attorney to give blanket authorization to a magistrate to accept a plea on a Vehicle and Traffic offense charging violation of section 1180(b) to anything less than the speed charged. The Court of Appeals has stated that a plea is a bargain struck by a defendant and a prosecutor (People v. Francis, 38 N.Y.2d 150, 155 [1975]; People v. Nixon, 21 N.Y.2d 338 [1967]; People v. Foster, 19 N.Y.2d 150 [1967]; People v. Serrano, 15 N.Y.2d 304 [1965]). A court may accept or reject a plea agreement after one is made, but judicial participation in plea discussions is undesirable (People v. Griffith, 43 A.D.2d 20 [1st Dept., 1973]).
Furthermore, County Law, § 700(1), in describing the powers and duties of a district attorney, states in part as follows:
 "It shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall be elected or appointed."
In conducting such prosecutions, a district attorney is authorized to make pleas to traffic informations in accordance with the aforementioned provisions of Criminal Procedure Law, §§ 220.10 and 340.20.
The Court of Appeals has recognized the manifest impossibility of requiring a county district attorney to appear and prosecute all misdemeanors and offenses in every court of special sessions in such counties. Accordingly, a district attorney is granted latitude in the exercise of discretion as to such appearances and prosecutions and may consent to appearance on his behalf by other officers or private attorneys (People v. Van Sickle, 13 N.Y.2d 61 [1963]; People v. Czajka, 11 N.Y.2d 253 [1962]).
However, as we stated in 1966 Atty Gen [Inf Opns] 125, a district attorney "may set up a system whereby the required consent could be conferred on others for a class of cases in advance of the offense, provided that the district attorney receives a report of all cases not personally handled by his office."
Thus, although a district attorney is not required to appear and prosecute all minor crimes and offenses committed within the county if it is impracticable to do so, a blanket authorization to a magistrate to accept a plea to a lower speed on violations of Vehicle and Traffic Law, § 1180(b), does not satisfy the requirements of County Law, §700(1). If a district attorney is unable to appear personally to prosecute such a violation, then, at a minimum, he must consent to an appearance on his behalf by another administrative officer or private attorney and must receive a report of all cases not personally handled by his office.
In your third and fourth questions, your inquiries involve questions of ethics which we do not pass upon. We suggest that you seek an opinion of the State Bar Association regarding these matters.
From all of the foregoing, we conclude the following:
 1. A magistrate who is hearing a violation of Vehicle and Traffic Law § 1180(b), with no district attorney or assistant district attorney present, can accept a plea to a lower rate of speed than that indicated on the U.T.T. without the prior approval of a member of the district attorney's staff as long as the police officer or his superior who is prosecuting the violation consents to such a plea.
 2. There is no authority for a district attorney to give blanket authorization to a magistrate to accept a plea to a lower rate of speed on a violation of Vehicle and Traffic Law, § 1180(b).